# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580<br><br>          Plaintiff,<br><br>          v.<br><br>**SURESCRIPTS, LLC**<br>2800 Crystal Drive<br>Arlington, VA 22202<br><br>          Defendant. | Case No.: |

### Plaintiff Federal Trade Commission's Ex Parte Motion to File Complaint Temporarily Under Seal

Plaintiff Federal Trade Commission ("FTC") respectfully moves ex parte for permission to file its Complaint temporarily under seal and to file a partially redacted version of the Complaint for the public record.

The FTC has both good cause and a compelling reason to file its Complaint temporarily under seal. Before bringing this action, the FTC conducted a non-public investigation into the anticompetitive course of conduct by Defendant Surescripts, LLC ("Surescripts") to monopolize two separate, complementary markets called routing and eligibility. The FTC's Complaint includes information related to this conduct that Surescripts and third parties designated as confidential during the course of the investigation. Before the FTC may publicly disclose such information in any proceeding, the FTC must afford Surescripts and such third parties an "opportunity to seek an appropriate protective or in camera order." 16 C.F.R. § 4.10(g); *see also* 15 U.S.C. § 57b-2.

This application is also narrowly tailored to protect the public's interest in access to public records and the public policy favoring disclosure. *See United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980) (whether to keep proceedings confidential must account for "the always strong presumption in favor of public access to judicial proceedings"). The FTC has already alerted Surescripts and third parties that the FTC intends to disclose certain information produced to it in the course of the FTC's non-public investigation. Surescripts and some of these third parties indicated that there were specific pieces of information that they believe is confidential for which they plan to seek a protective order. The information the FTC seeks to temporarily place under seal is only that information identified to it by Surescripts or third parties. The FTC therefore requests that the potentially confidential information in the Complaint be sealed only for a period of ten days to allow Surescripts and third parties an opportunity to seek an appropriate protective order. In the interim, the FTC will file a partially redacted version of the Complaint for the public record. These limited redactions will protect potentially confidential information of Surescripts and third parties pending any motions for permanent sealing that they may file.

The FTC does not know who will represent Surescripts in this litigation. During the investigation of the events described in the Complaint, Surescripts was represented by Kenneth M. Vorrasi, Drinker Biddle & Reath LLP, 1500 K Street NW, Suite 1100, Washington, DC 20005 and Lisa Phelan, Morrison & Foerster LLP, 2000 Pennsylvania Avenue NW, Suite 6000, Washington, DC 20006.

The FTC will apprise Mr. Vorrasi and Ms. Phelan, as representatives of Surescripts, of the filing of this Motion and of the material that the FTC is requesting to be placed temporarily

under seal. The FTC will also contact representatives for the third parties who have indicated they will seek a protective order regarding the use of such material in the Complaint and the terms of this Motion. Should the Court grant the instant motion, the FTC will promptly alert those third parties that they have ten days from the Court's order to move for a protective order.

For the foregoing reasons, the FTC respectfully requests that the Court grant its ex parte motion to file its Complaint temporarily under seal for a period of ten days. If neither Surescripts nor any third party files a motion for a protective after ten days, the FTC requests that the Court direct the Clerk to lift the temporary seal and place the unredacted Complaint on the public record. Should Surescripts or any third party move to file a protective order, the FTC respectfully requests the Court enter an expedited briefing schedule to resolve such motions so the public may gain access as soon as possible to all non-confidential material in the FTC's Complaint.

If the Court would like to hear argument on this application, counsel for the FTC is available at the Court's convenience.

Dated: April 17, 2019

Respectfully Submitted,

*[signature: Mark Meier]*

MARKUS H. MEIER (D.C. Bar 459715)
BRADLEY S. ALBERT
DAVID B. SCHWARTZ
DANIEL S. BRADLEY
D. PATRICK HUYETT
JOSEPH P. MATHIAS
TANYA O'NEIL (D.C. Bar 1021933)
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3759
mmeier@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

4