UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

APR 17 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case: 1:19−cv−01080 |
| Plaintiff, | Assigned To : Bates, John D. |
| v. | Assign. Date : 4/17/2019 |
| SURESCRIPTS, LLC, | Description: Antitrust (A−DECK) |
| Defendant. | Chief Judge Beryl A. Howell |

## ORDER

Pending before the Court is plaintiff Federal Trade Commission's ("FTC") Motion to File Complaint Temporarily Under Seal related to its action seeking an injunction against defendant Surescripts, LLC. *See* LCvR 40.7(f) (stating that the Chief Judge shall "hear and determine . . . motions in any case not already assigned" including "motion[s] to seal the complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court."). The motion is granted, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.

## I.     LEGAL STANDARD

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). Courts should consider six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), in determining whether that presumption may be overcome, including:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure,

1

and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings."

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting

*Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)). In "motions to

seal or unseal judicial records, the *Hubbard* test has consistently served as our lodestar because it

ensures that we fully account for the various public and private interests at stake," *Metlife, Inc.*,

865 F.3d at 666.

## II.   DISCUSSION

The FTC requests temporary sealing of its complaint for injunctive and other equitable

relief. Pl.'s Mot. for Sealing Order ("Pl.'s Mot.") at 1. The FTC has filed the complaint for

injunctive relief to address Surescripts's alleged "anticompetitive course of conduct . . . to

monopolize two separate, complementary markets called routing and eligibility." *Id.* Prior to

initiating this action, the FTC conducted a "non-public investigation" into Surescripts's conduct

and now avers that its "Complaint includes information related to this conduct that Surescripts

and third parties designated as confidential during the course of the investigation." *Id.*

Permitting the FTC to file its complaint under seal "afford[s] Surescripts and such third parties

an 'opportunity to seek an appropriate protective or in camera order.'" *Id.* (quoting 16 C.F.R.

§ 4.10(g)).

The FTC notes that the application is narrowly tailored as it "seeks to temporarily place

under seal only that information identified to it by Surescripts or third parties" as confidential

and asks that the "information in the Complaint be sealed only for a period of ten days to allow

Surescripts and third parties an opportunity to seek an appropriate protective order." *Id.* at 2.

Meanwhile, "the FTC will file a partially redacted version of the Complaint for the public

record." *Id.* If neither Surescripts nor any third party seeks a protective order from the United States District Judge to whom this case is assigned, the FTC proposes unsealing the entire complaint. *Id.* at 3. If Surescripts or a third party files for a protective order, the FTC proposes an expedited briefing schedule on that motion. *Id.*

At this early stage of the litigation, the Court is persuaded that the FTC has met its burden of showing that the interests in temporarily sealing this case outweigh the public interest in disclosure because sealing is necessary to protect information that the defendant and some third parties have previously identified as confidential. Therefore, the Court grants the FTC's motion to seal this case. The complaint will remain under seal until any further consideration by the United States District Judge to whom this case is randomly assigned.

## III.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the FTC's Motion to File Complaint Temporarily Under Seal is **GRANTED**; and it is further

**ORDERED** that this action, and all papers and pleadings filed in connection therewith, shall remain sealed until further Order of the Court; and it is further

**ORDERED** that the FTC will be expected to make to the United States District Judge to whom this case is assigned any proposals about lifting the sealing order in this matter.

**SO ORDERED.**

Date: April 17, 2019

BERYL A. HOWELL
Chief Judge