# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

        v.

**SURESCRIPTS, LLC,**

        **Defendant.**

Case No.: 19-cv-1080 (JDB)

**Plaintiff Federal Trade Commission's Response to the Court's
January 3, 2020 Minute Order**

The Court's January 3, 2020 minute order asks "whether the discussion of Section 13(b) or any conflict between the FTC and the Department of Justice (Office of the Solicitor General)" in three cases in which petitions for writs of certiorari have been filed "bears on the pending motion to dismiss in this case."[1] The answer is they do not. First, none of the three cases concerns the Section 13(b) question currently before this Court—whether the reference to "proper cases" in Section 13(b) means the FTC's authority to sue in federal district court is limited to cases alleging "routine" violations. Instead, the three cases all involve a fundamentally different issue: whether Section 13(b) authorizes district courts to award equitable monetary

---

[1] The three cases are: *FTC v. Credit Bureau Ctr., LLC*, 937 F.3d 764 (7th Cir. 2019), *petition for cert. filed* Dec. 19, 2019 (No. 19-825) [hereinafter, *CBC*]; *FTC v. AMG Capital Mgmt., LLC*, 910 F.3d 417 (9th Cir. 2018), *petition for cert. filed* Oct. 18, 2019 (No. 19-508) [hereinafter, "*AMG*"]; and *FTC v. Dantuma*, 748 F. App'x 735 (9th Cir. Aug. 31, 2018), *petition for cert. filed sub. nom. Publishers Bus. Servs., Inc. v. FTC*, Oct. 18, 2019 (No. 19-507) [hereinafter, "*PBS*"].

relief to remedy a proven violation. Second, the FTC and the Solicitor General have expressed different views on whether the Supreme Court should wait to consider the Section 13(b) equitable monetary relief question until after the Supreme Court resolves *Liu v. SEC*, *cert. granted* Nov. 1, 2019 (No. 18-1501). But this procedural disagreement before the Supreme Court has no bearing on Surescripts's motion to dismiss, nor does it affect the FTC's "exclusive authority" to litigate this case in federal district court. 15 U.S.C. § 56(a)(2) & (A).

**The pending petitions for writs of certiorari**

None of the three petitions for writs of certiorari asks the Supreme Court to resolve the meaning of the term "proper cases" in Section 13(b),[2] which is the sole Section 13(b) issue moved on by Surescripts in its motion to dismiss, Surescripts, LLC's Mot. to Dismiss Compl. at 1 (Dkt. 31). Nor do any of the petitions discuss how to construe the "proper cases" language. Of the three underlying cases, only *AMG* addressed the meaning of "proper cases," rejecting the argument that the term is limited to cases of "routine fraud." 910 F.3d at 428. AMG has not asked the Supreme Court to review that portion of the decision.

Instead, the three petitions present the distinct question whether Section 13(b) "authorizes district courts to enter an injunction that orders the return of unlawfully retained funds."[3] Although Surescripts's motion mentions the equitable monetary relief issue in passing, it acknowledges that this issue is "a matter for another day." Mot. 6; *see also* Reply 6 n.4 ("an issue for another day"). The FTC agrees. Opp. 13 n.5.

Indeed, "[b]ecause the appropriate remedy fundamentally depends on the nature and scope of any wrongful conduct, it is premature to determine what may or may not be an

---

[2] *See CBC* Pet. at I; *AMG* Pet. at i; *PBS* Pet. at i.

[3] *CBC* Pet. at I; *see also AMG* Pet. at i (only discussing "monetary relief"); *PBS* Pet. at i (only discussing "monetary relief" or "monetary disgorgement").

appropriate remedy at this stage in the litigation, where there has not yet been a decision on liability." *FTC v. Actavis, Inc.*, 2018 WL 2984873, at *19 (N.D. Ga. June 14, 2018) (denying summary judgment). This Court and others have reached the same conclusion on this very question, declining to issue "[a] declaration of the remedies available to the FTC under the FTCA on the current record," as doing so "would border dangerously on an advisory opinion." *Swish Mktg., Inc. v. FTC*, 669 F. Supp. 2d 72, 78 n.4 (D.D.C. 2009) (Bates, J.); *see also FTC v. Cantkier*, 767 F. Supp. 2d 147, 160 (D.D.C. 2011) ("The relief available for Plaintiff's claims is a question best addressed once an entitlement to relief is proven.").

In any event, resolving whether Section 13(b) empowers the Court to issue an injunction that requires Surescripts to restore illegally obtained funds to its victims would not dispose of this case. The FTC is also seeking other equitable remedies, including a permanent injunction that would end Surescripts's anticompetitive conduct, which are unaffected by the issue raised in *CBC*, *AMG*, and *PBS*. Moreover, filing this case in federal court enables the FTC to seek, if circumstances warrant, equitable relief not available through administrative adjudication, such as preliminary injunctive relief to preserve the Court's ability to order a meaningful remedy upon finding a violation.[4] Thus, even if the Supreme Court were to rule against the FTC on the

---

[4] *See FTC v. Evans Prods. Co.*, 775 F.2d 1084, 1086 (9th Cir. 1985) ("[B]ecause the district court has the power to issue a permanent injunction to enjoin acts or practices that violate the law enforced by the Commission, it also has authority to grant whatever preliminary injunctions are justified by the usual equitable standards."); *e.g.*, *FTC v. Warner Chilcott Holdings Co. III, Ltd.*, 2007 WL 158746, at *4 (D.D.C. Jan. 22, 2007) (discussing how, "after learning that Warner Chilcott had told customers that it planned to replace regular Ovcon with Ovcon Chewable, the FTC filed a motion for a preliminary injunction seeking to keep regular Ovcon on the market"); Press Release, FTC, Consumers Win as FTC Action Results in Generic Ovcon Launch (Oct. 23, 2006), https://www.ftc.gov/news-events/press-releases/2006/10/consumers-win-ftc-action-results-generic-ovcon-launch.

equitable monetary relief issue raised in the three petitions for writs of certiorari—but not moved on by Surescripts in its motion to dismiss—this case would still proceed in this Court.

### The positions of the FTC and the Solicitor General on whether the Supreme Court should defer consideration of the Section 13(b) equitable monetary relief question

Any procedural disagreement between the FTC and the Solicitor General relating to the three pending petitions for writs of certiorari also has no bearing on Surescripts's pending motion to dismiss. In response to two petitions raising the Section 13(b) equitable monetary relief issue, the Solicitor General has argued that the Supreme Court should hold them pending the disposition of *Liu v. SEC*.[5] *Liu* will address whether district courts can order disgorgement in a civil enforcement action brought by the Securities and Exchange Commission under that agency's statutes. For its part, the FTC contends in its *CBC* petition that the Supreme Court should not delay resolution of the Section 13(b) monetary relief issue, because any decision in *Liu* will not resolve whether Section 13(b) authorizes district courts to order the return of unlawfully obtained funds. *See CBC* Pet. 22-25.[6] This difference in strategy has nothing to do with the only Section 13(b) question pending before this Court, which is the meaning of the statutory term "proper cases."

Moreover, to our knowledge neither the Solicitor General nor any other part of the Department of Justice (DOJ) has expressed an opinion on this "proper cases" question. That is not surprising. While in general, the DOJ has authority to control litigation involving federal agencies and departments, Congress has expressly granted the FTC independent litigating

---

[5] *AMG* Br. for the Resp't 6-7; *PBS* Br. for the Resp't in Opp'n 7-8.

[6] Congress has empowered the FTC to represent itself in the Supreme Court when the Solicitor General does not seek to do so. 15 U.S.C. § 56(a)(3)(A). Since obtaining this authority 44 years ago, the FTC has filed only four petitions on its own, *see CBC* Pet. 1 n.1, but obtained important victories in the two cases that the Supreme Court agreed to hear. *See FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411 (1990); *FTC v. Ind. Fed'n of Dentists*, 476 U.S. 447 (1986).

authority for many actions, including Section 13(b) suits. In cases brought under Section 13(b), such as this one, the FTC has "exclusive authority to commence or defend, and supervise the litigation of, such action and any appeal of such action in its own name by any of its attorneys designated by it for such purpose, unless the Commission authorizes the Attorney General to do so." 15 U.S.C. § 56(a)(2) & (A). Thus, whether or not the DOJ agrees that the FTC has the authority to file this suit—and as represented at oral argument, we know of no such disagreement (Nov. 11, 2019 Hr'g Tr. at 43:25-44:4)—Congress has authorized the FTC to do so.

In sum, the discussion of Section 13(b) in the three cases identified in the Court's January 3, 2020 minute order has nothing to do with the Section 13(b) issue raised in Surescripts's motion to dismiss. The same is true of any procedural differences between the FTC and the Solicitor General relating to the petitions pending at the Supreme Court. The FTC therefore respectfully requests that the Court deny Surescripts's Motion to Dismiss the Complaint.

Dated: January 10, 2020                              Respectfully submitted,

/s/   Markus H. Meier
Markus H. Meier (D.C. Bar 459715)
Bradley S. Albert
Elizabeth R. Hilder
David B. Schwartz
D. Patrick Huyett
Joseph P. Mathias
Tanya O'Neil (D.C. Bar 1021933)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: 202-326-3759

*Counsel for Plaintiff Federal Trade Commission*