**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SURESCRIPTS, LLC,**<br><br>**Defendant.** | **Case No.: 19-cv-1080 (JDB)** |

**DEFENDANT SURESCRIPTS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Surescripts, LLC ("Surescripts"), answers the Complaint ("Complaint") of the Federal Trade Commission ("FTC") as set forth below. Surescripts denies each and every allegation of the Complaint, except as specifically stated, denies all headings and subheadings and statements not contained in numbered paragraphs, and denies that it violated in any way the antitrust laws under which the FTC purports to bring this action.

**RESPONSE TO PLAINTIFF'S ALLEGATIONS**

Surescripts responds to the allegations of the Complaint's separately numbered paragraphs, as follows:

## I. NATURE OF THE ACTION

1. Surescripts, LLC ("Surescripts") admits that it is a health information technology company that provides e-prescribing services, including routing and eligibility, and denies the remaining allegations contained in the first sentence of Paragraph 1. Surescripts admits the allegations contained in the second and third sentences of Paragraph 1.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

## II. JURISDICTION AND VENUE

7. Paragraph 7 states a legal conclusion to which no response is necessary. To the extent that a response is required, Surescripts denies the allegations contained in Paragraph 7.

8. Paragraph 8 states a legal conclusion to which no response is necessary. To the extent that a response is required, Surescripts denies the allegations contained in Paragraph 8.

9. Surescripts admits the allegations contained in Paragraph 9.

10. Paragraph 10 states a legal conclusion to which no response is necessary. To the extent that a response is required, Surescripts denies the allegations contained in Paragraph 10.

11. Paragraph 11 states a legal conclusion to which no response is necessary. To the extent that a response is required, Surescripts denies the allegations contained in Paragraph 11.

12. Paragraph 12 states a legal conclusion to which no response is necessary. To the extent that a response is required, Surescripts denies the allegations contained in Paragraph 12.

## III. THE PARTIES

13. Surescripts lacks the information to admit or deny the allegations contained within Paragraph 13, and on that basis denies them.

14. Surescripts admits the allegations contained in the first sentence of Paragraph 14 but states that Surescripts' new address is 2550 South Clark Street Arlington, VA 22202. The second sentence of Paragraph 14 does not state any factual allegations and requires no response.

15. Denied.

## IV. BACKGROUND

### A. Electronic prescribing consists of two transactions.

16. Surescripts admits that e-prescribing services include the transmission of prescription related information among various participating entities. Except as so stated, Surescripts denies each of the remaining allegations in Paragraph 16.

17. Surescripts admits the allegations contained in Paragraph 17.

18. Surescripts admits that routing and eligibility are e-prescribing services. Surescripts further admits that each transaction serves a different purpose, delivers different information and occurs between different customers. Surescripts denies the remaining allegations contained in Paragraph 18.

19. Surescripts admits the allegations contained in Paragraph 19.

20. Denied.

21. Surescripts admits the allegations contained in Paragraph 21.

**B. Routing and eligibility are two-sided networks with a "chicken-and-egg problem."**

22. Denied.

23. Surescripts admits that both the routing and eligibility platforms experience indirect network effects. Surescripts lacks the information necessary to admit or deny the remaining allegations regarding the beliefs and statements of unknown "economists" contained in Paragraph 23, and on that basis denies them.

24. Surescripts admits that both the routing and eligibility platforms experience indirect network effects. Surescripts lacks the information necessary to admit or deny the remaining allegations contained in Paragraph 24, and on that basis denies them.

25. Surescripts lacks the information to admit or deny the allegations contained in Paragraph 25, and on that basis denies them.

26. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 26, and on that basis denies them.

27. Surescripts lacks the information necessary to admit or deny the allegations regarding the actions and beliefs of unknown third parties and a hypothetical "network" contained in Paragraph 27, and on that basis denies them.

28. Surescripts lacks the information necessary to admit or deny the allegations regarding the actions and beliefs of unknown third parties and a hypothetical "network" contained in Paragraph 28, and on that basis denies them.

29. Surescripts lacks the information necessary to admit or deny the allegations regarding the actions and beliefs of unknown economists and a hypothetical "network" contained in Paragraph 29, and on that basis denies them.

30. Denied.

31. Surescripts lacks the information necessary to admit or deny the allegations regarding the actions and beliefs of unknown "economists," third parties and a hypothetical "new platform" contained in Paragraph 31, and on that basis denies them.

32. Surescripts denies the allegations contained in the fourth and final sentences of Paragraph 32. Surescripts lacks the information necessary to admit or deny the remaining allegations contained in Paragraph 32, and on that basis denies them.

### C. Due to federal policies and incentives, the e-prescribing industry has experienced extraordinary growth.

33. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 33, and on that basis denies them.

34. Surescripts admits the allegations contained in the first sentence of Paragraph 34. Surescripts lacks the information to admit or deny the remaining allegations regarding MIPPA and its effect on unknown "prescribers," and on that basis denies them.

35. Surescripts admits that Congress passed the HITECH Act as part of the American Recovery and Reinvestment Act of 2009 on February 17, 2009. Surescripts lacks the information necessary to admit or deny the remaining allegations contained in Paragraph 35, and on that basis denies them.

36. Surescripts lacks the information to admit or deny the allegations in Paragraph 36, and on that basis denies them.

37. Surescripts lacks the information to admit or deny the allegations contained in Paragraph 37, and on that basis denies them.

38. Surescripts lacks the information necessary to admit or deny the allegations in Paragraph 38, and on that basis, denies them.

39. Surescripts admits that Paragraph 39 purports to quote from a Surescripts document and testimony from Mr. Totonis, but denies its characterization of those quotes. Surescripts lacks the information necessary to admit or deny the allegations contained in the first sentence of Paragraph 39. Surescripts denies the remaining allegations contained in Paragraph 39.

**D. Surescripts was well positioned to capitalize on e-prescribing's explosive growth.**

40. Surescripts admits the allegations contained in Paragraph 40 but clarifies that the merger closed on June 30, 2008, not May 9, 2008 as pled.

41. Surescripts lacks the information necessary to admit or deny the allegations contained in the first sentence of Paragraph 41. Surescripts admits the allegations contained in the second sentence of Paragraph 41.

42. Surescripts admits that Surescripts Systems was also founded in 2001 by two pharmacy trade associations for the purpose of establishing a technology infrastructure and network to support e-prescription routing services. Surescripts denies the remaining allegations contained in Paragraph 42.

43. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 43.

44. Surescripts admits the allegations contained in Paragraph 44, except that CVS's ownership interest is 16.6667% and Express Scripts's ownership interest is 33.3334%.

45. Surescripts admits the allegations contained in Paragraph 45.

46. Surescripts admits that no other entity has any ownership interest in Surescripts other than those listed in Paragraph 44.

47. Surescripts admits the allegations contained in Paragraph 47.

48. Surescripts admits the allegations contained in Paragraph 48.

49. Denied.

50. Denied.

51. Surescripts denies the allegations contained in the first sentence of Paragraph 51. Surescripts lacks the information necessary to admit or deny the allegations contained in the second sentence of Paragraph 51, and on that basis denies them.

52. Denied.

53. Surescripts admits the allegations contained in Paragraph 53.

54. Surescripts admits that it manages its own certification processes. Surescripts denies the remaining allegations in Paragraph 54.

## V. ANTICOMPETITIVE CONDUCT

55. Surescripts denies the allegations contained in the first and second sentences of Paragraph 55. Surescripts lacks the information necessary to admit or deny the allegations contained in the final sentence of Paragraph 55, and on that basis denies them.

56. Denied.

57. Denied.

58. Denied.

### A. Surescripts learns of an emerging threat to its monopolies.

59. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 59, and on that basis denies them.

60. Surescripts lacks the information necessary to admit or deny the allegations related to a purported quote from an unidentified document or source contained in Paragraph 60, and on that basis denies them.

61. Denied.

62. Surescripts lacks the information necessary to admit or deny the allegations contained in the first sentence of Paragraph 62. Surescripts denies the remaining allegations contained in Paragraph 62.

63. Denied.

**B. Surescripts responds to competition by devising and implementing an anticompetitive web of exclusive contracts.**

64. Denied.

65. Surescripts admits that in certain situations it offers discounts to its pharmacy, PTV and PBM customers, and payments to its EHR customers. Surescripts denies the remaining allegations contained in Paragraph 65.

**1. The structure of Surescripts's pharmacy, PTV, and PBM contracts.**

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Surescripts lacks the information necessary to admit or deny the allegations related to a purported quote from an unidentified document or source contained in Paragraph 73, and on that basis denies them.

74. Surescripts admits that Paragraph 74 purports to quote a portion of the September 28, 2010 contract between Surescripts and MicroMerchant. Surescripts denies the remaining allegations and characterizations contained in Paragraph 74.

75. Denied.

**2. The structure of Surescripts's EHR contracts.**

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Surescripts admits that it entered into a contractual relationship with Epic, and that Epic's EHR system that it licenses to its customers allows others, including but limited to Surescripts, to connect for the transmission of messages and other information. Surescripts denies each of the remaining allegations in Paragraph 80.

81. Denied.

82. Surescripts denies the allegations contained in the first sentence of Paragraph 82. Surescripts lacks the information necessary to admit or deny the remaining allegations contained in Paragraph 82, and on that basis denies them.

**3. Surescripts structured the contracts to lock up the routing and eligibility markets.**

83. Denied.

84. Denied.

85. Surescripts admits that Paragraph 85 purports to quote an email from a Surescripts employee, but denies the characterization of that email. Surescripts denies each of the remaining allegations contained in Paragraph 85.

86. Denied.

87. Denied.

**C. Surescripts uses RelayHealth to extend the reach of its exclusive contracts and solidify its monopolies.**

88. Denied.

89. Surescripts admits that Surescripts has contracted with RelayHealth to resell routing transactions to certain pharmacy, PTV and EHR customers. Surescripts lacks the information necessary to admit or deny the remaining allegations contained in Paragraph 89, and on that basis denies them.

90. Surescripts denies the allegations contained in the first sentence of Paragraph 90. Surescripts lacks the information necessary to admit or deny the remaining allegations contained in Paragraph 90, and on that basis denies them.

91. Denied.

92. Surescripts admits that Paragraph 92 purports to quote and summarize provisions from the February 25, 2010 contract between Surescripts and RelayHelath. Surescripts denies the characterization of those provisions, and denies the remaining allegations contained in Paragraph 92.

93. Surescripts admits the allegations contained in the first sentence of Paragraph 93. Surescripts lacks the information necessary to admit or deny the remaining allegations contained in Paragraph 93, and on that basis denies them.

94. Surescripts lacks the information to admit or deny the allegations contained in Paragraph 94, and on that basis denies them.

95. Surescripts admits that in certain situations it paid incentive payments to RelayHealth. Surescripts lacks the information to admit or deny the remaining allegations contained in Paragraph 95, and on that basis denies them.

96. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 96, and on that basis denies them.

97. Surescripts admits that Paragraph 97 purports to summarize certain terms of a contract between Surescripts and RelayHealth. Surescripts denies the characterization of that contract, and the remaining allegations contained in Paragraph 97.

98. Surescripts admits that Paragraph 98 purports to summarize certain terms of a contract between Surescripts and RelayHealth. Surescripts denies the characterization of that contract, and the remaining allegations contained in Paragraph 98.

99. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 99, and on that basis denies them.

**D. Surescripts locks up a critical EHR and engages in a campaign of threats to enforce its exclusivity provisions.**

100. Surescripts denies the allegations contained in the first and second sentence of Paragraph 100. Surescripts lacks the information necessary to admit or deny the remaining allegations contained in Paragraph 100, and on that basis denies them.

101. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 101, and on that basis denies them.

102. Denied.

103. Denied.

104. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 104, and on that basis denies them.

105. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 105, and on that basis denies them.

106. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 106, and on that basis denies them.

107. Denied.

**1. Surescripts locks up Allscripts in 2010.**

108. Denied.

109. Denied.

110. Denied.

111. Surescripts denies the allegations contained in the first sentence of Paragraph 111. Surescripts lacks the information necessary to admit or deny the remaining allegations contained in Paragraph 111, and on that basis denies them.

112. Surescripts denies the allegations contained in the first and second sentences of Paragraph 112. Surescripts lacks the information necessary to admit or deny the remaining allegations contained in Paragraph 112, and on that basis denies them.

113. Denied.

114. Denied.

115. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 115, and on that basis denies them.

116. Surescripts admits that the slide reproduced in Paragraph 116 comes from a document from Surescripts' files. Surescripts denies the characterization of that document and the remaining allegations contained in Paragraph 116.

117. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 117 and on that basis, denies them.

**2. Surescripts locks up Allscripts again in 2015.**

118. Surescripts admits that Paragraph 118 purports to quote from a document from Surescripts' files, but denies the characterization of that document. Surescripts denies each of the remaining allegations in Paragraph 118.

119. Surescripts admits that Paragraph 119 purports to quote from a document from Surescripts' files, but denies the characterization of that document. Surescripts denies each of the remaining allegations in Paragraph 119.

120. Denied.

121. Surescripts denies the allegations contained in the first sentence of Paragraph 121. Surescripts lacks the information necessary to admit or deny the remaining allegations contained in Paragraph 121, and on that basis denies them.

122. Denied.

123. Denied.

124. Surescripts admits that Paragraph 124 purports to quote from a document in Surescripts files, but denies the characterization of that document. Surescripts denies each of the remaining allegations in Paragraph 124.

125. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 125, and on that basis denies them.

126. Denied.

127. Denied.

**E. Surescripts's scheme has succeeded in excluding all meaningful competition from both routing and eligibility.**

128. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 128, and on that basis denies them.

129. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 129, and on that basis denies them.

130. Surescripts admits that the slide reproduced in Paragraph 130 comes from a document from Surescripts' files. Surescripts denies the characterization of that slide, and the remaining allegations contained in Paragraph 130.

131. Denied.

132. Surescripts admits that Paragraph 132 purports to quote from a document in Surescripts' files. Surescripts denies the characterization of that document and each of the remaining allegations in Paragraph 132.

133. Surescripts admits that Paragraph 133 purports to quote from a document from Surescripts' files. Surescripts denies the characterization of that document and each of the remaining allegations in Paragraph 133.

134. Denied.

135. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 135, and on that basis denies them.

136. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 136, and on that basis denies them.

**F. Surescripts ensures that RelayHealth does not compete in the routing market.**

137. Surescripts admits that in 2003 Surescripts Systems entered into a Value Added Reseller Master Agreement with NDCHealth Corporation (a precursor to RelayHealth) that allowed NDC Health Corporation to resell Surescripts connections and whereby NDCHealth Corporation agreed not to "develop, create, own, license, or sublicense any product or service that is similar to, or competes with the Services." Surescripts denies the remaining allegations contained in Paragraph 137.

**1. Surescripts recognizes the threat of competition in routing from RelayHealth.**

138. Surescripts admits that Paragraph 138 purports to quote from a document from Surescripts' files. Surescripts denies the characterization of that document and each of the remaining allegations in Paragraph 138.

139. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 139, and on that basis denies them.

140. Surescripts admits that a document from Surescripts' files contains the language quoted in Paragraph 140. Surescripts denies the characterization of that document and each of the remaining allegations in Paragraph 140.

141. Surescripts admits that Paragraph 141 purports to quote from a document from Surescripts' files. Surescripts denies the characterization of that document and each of the remaining allegations in Paragraph 141.

142. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 142, and on that basis denies them.

143. Surescripts admits that a document from Surescripts' files contains the language quoted in Paragraph 143. Surescripts denies the characterization of that document and each of the remaining allegations in Paragraph 143.

144. Surescripts admits that Paragraph 144 purports to quote from documents from Surescripts' files but denies the characterization of those documents. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 144 that pertain to RelayHealth's business. Surescripts denies the remaining allegations contained in Paragraph 144.

145. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 145, and on that basis denies them.

146. Denied.

147. Surescripts admits that Paragraph 147 purports to quote from testimony provided by former Surescripts employees. Surescripts denies the characterization of that testimony and the remaining allegations contained within Paragraph 147.

**2. Surescripts eliminates the RelayHealth threat in 2010.**

148. Surescripts lacks the information necessary to admit or deny the allegations regarding RelayHealth documents contained in Paragraph 148, and on that basis denies them. Surescripts admits that Paragraph 148 purports to quote from documents from Surescripts' files. Surescripts denies the characterization of those documents and the remaining allegations contained within Paragraph 148.

149. Denied.

150. Surescripts admits that Paragraph 150 purports to quote from documents from Surescripts' files. Surescripts denies the characterization of those documents and the remaining allegations contained within Paragraph 150.

**3. Surescripts eliminates the RelayHealth threat again in 2015.**

151. Surescripts admits that it entered into a contract with RelayHealth on January 16, 2015. Surescripts denies the remaining allegations contained in Paragraph 151.

152. Denied.

153. Surescripts lacks the information necessary to admit or deny the allegations contained the second and last sentences of Paragraph 153. Surescripts denies the remaining allegations contained in Paragraph 153.

154. Surescripts admits that Paragraph 154 purports to quote from a document from Surescripts' files. Surescripts denies the characterization of that document and each of the remaining allegations in Paragraph 154.

155. Surescripts admits that Paragraph 155 purports to quote from documents from Surescripts' files. Surescripts denies the characterization of those documents and each of the remaining allegations in Paragraph 155.

156. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 156, and on that basis denies them.

## VI. SURESCRIPTS POSSESSES MONOPOLY POWER IN EACH RELEVANT MARKET

### A. The relevant markets.

157. Paragraph 157 contains legal conclusions to which no response is required. To the extent that any such response is required, Surescripts denies the allegations contained in Paragraph 157.

158. Paragraph 158 contains legal conclusions to which no response is required. To the extent that any such response is required, Surescripts denies the allegations contained in Paragraph 158.

159. Paragraph 159 contains legal conclusions to which no response is required. To the extent that any such response is required, Surescripts denies the allegations contained in Paragraph 159.

160. Paragraph 160 contains legal conclusions to which no response is required. To the extent that any such response is required, Surescripts denies the allegations contained in Paragraph 160.

### B. Surescripts possesses monopoly power in the relevant markets.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Surescripts lacks the information necessary to admit or deny the allegations contained in the final sentence of Paragraph 167. Surescripts denies the remaining allegations contained in Paragraph 167.

168. Denied.

169. Surescripts admits that Paragraph 169 purports to quote from documents from Surescripts' files. Surescripts denies the characterization of those documents and each of the remaining allegations in Paragraph 169.

170. Denied.

## VII. SURESCRIPTS'S ANTICOMPETITIVE COURSE OF CONDUCT HARMED COMPETITION AND CONSUMERS

171. Denied.

### A. Surescripts's conduct forecloses each market from all meaningful competition, eliminating consumer choice.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 177, and on that basis denies them.

178. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 178, and on that basis denies them.

179. Surescripts denies the allegations contained in the first sentence of Paragraph 179. Surescripts lacks the information necessary to admit or deny the remaining allegations in Paragraph 179, and on that basis denies them.

180. Surescripts denies the allegations contained in the first sentence of Paragraph 180. Surescripts lacks the information necessary to admit or deny the remaining allegations in Paragraph 180, and on that basis denies them.

181. Denied.

**B. Surescripts forces its routing and eligibility customers into exclusivity.**

182. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 182, and on that basis denies them.

183. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 183, and on that basis denies them.

184. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 184, and on that basis denies them.

185. Denied.

**C. Surescripts's conduct has led to higher net prices for routing and eligibility.**

186. Surescripts admits that Paragraph 186 purports to quote testimony from Mr. Joseph. Surescripts denies the characterization of that testimony and each of the remaining allegations in Paragraph 186.

187. Denied.

188. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 188, and on that basis denies them.

189. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 189, and on that basis denies them.

190. Surescripts lacks the information necessary to admit or deny the allegations contained in the first sentence of Paragraph 190, and on that basis denies them. Surescripts admits that Paragraph 190 purports to quote from a document from Surescripts' files, but denies the characterization of that document. Surescripts denies the remaining allegations contained in Paragraph 190.

191. Surescripts admits that Paragraph 191 purports to quote from a document from Surescripts' files. Surescripts denies the characterization of that document and each of the remaining allegations in Paragraph 191.

192. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 192, and on that basis denies them.

193. Denied.

194. Denied.

195. Surescripts admits that Paragraph 195 purports to quote from a document from Surescripts' files. Surescripts denies the characterization of that document. Surescripts lacks the information necessary to admit or deny the allegations related to Kroger documents, and on that basis denies them. Surescripts denies the remaining allegations in Paragraph 195.

**D. Surescripts's conduct has reduced innovation in routing and eligibility.**

196. Surescripts denies the allegations contained in the first and second sentences of Paragraph 196. Surescripts lacks the information necessary to admit or deny the remaining allegations contained in Paragraph 196, and on that basis denies them.

197. Surescripts admits that Paragraph 197 purports to quote from a document from Surescripts' files and testimony from Mr. Barclay. Surescripts denies the characterization of that document and testimony, and each of the remaining allegations in Paragraph 197.

198. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 198, and on that basis denies them.

199. Denied.

200. Surescripts admits the allegations contained in Paragraph 200.

201. Surescripts lacks the information necessary to admit or deny the allegations contained within Paragraph 201, and on that basis denies them.

202. Surescripts lacks the information necessary to admit or deny the allegations contained within Paragraph 202, and on that basis denies them.

203. Denied.

204. Surescripts lacks the information necessary to admit or deny the allegations contained within Paragraph 204, and on that basis denies them.

205. Surescripts lacks the information necessary to admit or deny the allegations contained within Paragraph 205, and on that basis denies them.

206. Surescripts lacks the information necessary to admit or deny the allegations contained within Paragraph 206, and on that basis denies them.

207. Denied.

208. Denied.

**E. Surescripts's conduct has reduced quality in routing and eligibility.**

209. Surescripts admits that Paragraph 209 purports to quote from a document from Surescripts' files. Surescripts denies the characterization of that document, and each of the remaining allegations in Paragraph 209.

210. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 210, and on that basis denies them.

211. Denied.

212. Denied.

**F. Surescripts's conduct has reduced quality-adjusted output and overall transaction output.**

213. Denied.

214. Surescripts lacks the information necessary to admit or deny the allegations contained in the second, fourth and fifth sentences of Paragraph 214, and on that basis denies them. Surescripts denies the remaining allegations contained in Paragraph 214.

215. Denied.

**G. There is no legitimate procompetitive business justification for Surescripts's conduct.**

216. Surescripts lacks the information necessary to admit or deny the allegations contained in Paragraph 216, and on that basis denies them.

217. Denied.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

## VIII. VIOLATIONS OF SECTION 5 OF THE FTC ACT

### COUNT I

### Monopolization of Routing Arising under Section 2 of the Sherman Act

222. Surescripts restates and incorporates its responses to the allegations in paragraphs 1–221 above.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

### COUNT II

### Monopolization of Eligibility Arising under Section 2 of the Sherman Act

227. Surescripts restates and incorporates its responses to the allegations in paragraphs 1–221 above.

228. Denied.

229. Denied.

230. Denied.

231. Denied.

## IX. PRAYER FOR RELIEF

Defendant states that the unnumbered wherefore clause and the Paragraphs following Paragraph 231 of the Complaint are a prayer for relief to which no response is required. Defendant avers, however, that Plaintiff is entitled to no relief, and that judgment should be entered in Defendant's favor on all Counts of the Complaint.

## X. AFFIRMATIVE DEFENSES

**RESERVATION OF DEFENSES**

Surescripts has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on additional affirmative and other defenses as may become apparent during discovery in this action. Surescripts reserves the right to amend this Answer and/or its affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**
(Statute of Limitations)

Each of the claims in the Complaint is barred, in whole or in part, by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**
(Legitimate Business Justifications)

Each of the claims in the Complaint is barred, in whole or in part, because all conduct alleged was carried out in furtherance of Surescripts legitimate business and economic interests and without any purpose or intent to injury competition.

**THIRD AFFIRMATIVE DEFENSE**
(Conduct is Procompetitive)

Each of the claims in the Complaint is barred, in whole or in part, because the conduct alleged has actual procompetitive effects, including but not limited to enhanced efficiency, creation of a new product, improved product quality and safety and higher quality of customer service.

**FOURTH AFFIRMATIVE DEFENSE**
(Lack of Jurisdiction)

Each of the claims in the Complaint is barred, in whole or in part, because this Court lacks jurisdiction to adjudicate the FTC's claims.

**FIFTH AFFIRMATIVE DEFENSE**
(Justification/Privilege/Excuse)

Each of the claims in the Complaint is barred, in whole or in part, because Surescripts' actions were privileged, justified, excused, were taken for a legitimate business reason not prohibited by law, and/or because Surescripts at all times acted in good faith and did not directly or indirectly perform any act that would constitute a violation of law.

**SIXTH AFFIRMATIVE DEFENSE**
(Public Interest)

Each of the claims in the Complaint is barred, in whole or in part, because granting the requested relief would be contrary to public interest.

**SEVENTH AFFIRMATIVE DEFENSE**
(Legal Privilege and Immunity)

Each of the claims in the Complaint is barred, in whole or in part, because the Complaint attacks conduct that is authorized by United States laws and is not the subject to prohibition under the antitrust laws.

**EIGHTH AFFIRMATIVE DEFENSE**
(Duplicative Recovery)

Each of the claims in the Complaint is barred, in whole or in part, to the extent that any monetary recovery would result in duplicative damages and/or offset.

**NINTH AFFIRMATIVE DEFENSE**
(No Right to Equitable Monetary Relief)

The FTC's request for monetary equitable recovery is barred, in whole or in part, because the FTC has no statutory or other right to recover equitable monetary relief, including but not limited to restitution.

*[signature follows]*

Dated: February 10, 2020

Respectfully submitted,

*/s/ Amanda Reeves*
Amanda Reeves (D.C. Bar 496338)
Allyson M. Maltas (D.C. Bar 494566)
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
Tel: 202-637-2000

Alfred C. Pfeiffer, Jr. (*pro hac vice*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: 415-391-0600

*Counsel for Defendant Surescripts, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2020, I served a true and correct copy of the foregoing document on all counsel of record via the Court's CM/ECF system.

Dated: February 10, 2020

*/s/ Amanda Reeves*

Amanda Reeves (D.C. Bar 496338)
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
Tel: 202-637-2183