## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

        **v.**

**SURESCRIPTS, LLC,**

    **Defendant.**

**Civil Action No. 19-1080 (JDB)**

## SCHEDULING ORDER

Upon consideration of the parties' respective scheduling proposals, and in accordance with Rule 16.3 of the Local Civil Rules, it is hereby **ORDERED**:

1. <u>Dispositive Motions</u>

The Court notes that no dispositive motions are currently pending.  Defendant consents to personal jurisdiction and venue in this Court.  Parties shall file motions for summary judgment following the conclusion of discovery. <u>See</u> ¶ 6, <u>infra</u>.

2. <u>Joinder of Parties, Amendment of Pleadings, and Narrowing of the Issues</u>

The parties may join any additional parties and make any amendments to the pleadings by not later than May 29, 2020.  Thereafter, the parties may seek to amend the pleadings by motion pursuant to Fed. R. Civ. P. 15.

3. <u>Agreement to Assign to Magistrate Judge</u>

The parties do not request assignment to a magistrate judge for all purposes, and the Court concludes that such an assignment for any purpose is not necessary in this case.

4. <u>Possibility of Settlement</u>

The parties do not believe that there is a realistic possibility of settlement at this time.

5. <u>Alternative Dispute Resolution</u>

The parties have considered the possibility of using alternative dispute resolution procedures but do not believe that the case would benefit from such procedures at this time.

6. <u>Summary Judgment</u>

Motions for summary judgment may be filed after the conclusion of discovery.

7. <u>Initial Disclosures</u>

The parties do not stipulate to dispensing with initial disclosures required by Rule 26(a)(1).

The parties do not propose any changes to the scope or form of the initial disclosures.

8. <u>Case Schedule and Scope of Discovery</u>

The case schedule shall proceed as follows:

| Event | Date |
|---|---|
| Defendant's Answer to Plaintiff's Complaint | 2/10/2020 |
| Service of Initial Disclosures | 2/12/2020 |
| Discovery Commences | 3/2/2020 |
| Status Conference | 6/16/2020 at 9:30 a.m. |
| Substantial Completion of Document Production | 11/23/2020 |
| Close of Fact Discovery | 1/20/2021 |
| Plaintiff Serves Initial Expert Report(s) | 3/22/2021 |
| Defendant Serves Expert Report(s) | 5/21/2021 |
| Plaintiff Serves Rebuttal Expert Report(s) | 6/21/2021 |
| Close of Expert Discovery | 8/20/2021 |
| Summary Judgment Motions Filed | 10/22/2021 |
| Oppositions to Summary Judgment Motions Filed | 11/22/2021 |
| Replies in Support of Summary Judgment Filed | 12/13/2021 |
| Submission of Proposed Pretrial Order | 45 Days After the Court's Order Resolving Motions for Summary Judgment |

(a) Timing of Discovery

Full discovery will commence on March 2, 2020, and proceed according to the schedule outlined above.  The parties are ordered to use reasonable best efforts to cooperate with each other and other parties in In re Surescripts Antitrust Litig., No. 19-cv-6627 (JJT) (N.D. Ill.), to reduce discovery burdens.

The parties shall serve subpoenas and discovery requests sufficiently in advance of the discovery completion date such that all responses or objections will be due on or before that date. The close of fact discovery shall not preclude requests for admission regarding the authentication and admissibility of exhibits.

(b) Limitations on Interrogatories

The parties shall serve no more than twenty-five (25) interrogatories, including all discrete subparts.

(c) Other Written Discovery

There shall be no limitations on the number of requests for the production of documents pursuant to Fed. R. Civ. P. 34, or on the number of requests for admission pursuant to Fed. R. Civ. P. 36.  Each party may seek a protective order pursuant to Fed. R. Civ. P. 26(c), with respect to specific requests for the production of documents or requests for admission as well as any objections to specific discovery requests.

In response to any Rule 34 request for data or data compilations, the parties shall meet and confer in good faith.

In response to any document requests, the parties need not produce to each other any documents previously produced by defendant to the FTC in the course of the investigation (FTC File No. 141-0210).

(d) <u>Limitations on Depositions</u>

Each party may take up to 30 depositions of fact witnesses.  Depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any party or non-party do not count toward the limit on depositions.  These depositions must be designated as such at the time that the deposition is noticed and will be noticed only after the party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means.

Depositions taken during the Commission's pre-complaint investigation do not count toward the number of depositions allowed by this Order.  Either party may further depose witnesses whose depositions were taken during the investigation.

All depositions shall last no more than seven (7) hours.

During nonparty depositions, the non-noticing side may examine the witness for no more than two hours of the seven-hour examination time.  If the nonparty deposition is noticed by both parties, then time will be divided equally (i.e., three and one-half hours for each side), and the deposition shall count as one deposition for each noticing party.  Any time allotted to one side not used by that side in a nonparty deposition may be used by the other side up to the seven-hour limit in total.

The parties may seek leave of Court to extend the duration of depositions beyond seven (7) hours for good cause.

Expert depositions are not subject to the provisions and limitations of this subparagraph.

(e) <u>Protective Order</u>

The parties agree that a protective order is necessary to safeguard confidential information concerning defendant's and nonparties' business information.  The parties have negotiated a

protective order and agree on all of the terms, except as to accessibility of Confidential and Highly Confidential Material to Surescripts's in-house counsel.  The Court adopts the FTC's proposal with respect to the access of Surescripts's in-house counsel to confidential and highly confidential information.  The parties are directed to submit a revised proposed protective order incorporating this provision and reflecting the other matters discussed during the February 27, 2020 status conference.

9. Electronically Stored Information

The parties have not identified any issues at this time with respect to electronically stored information ("ESI") and agree as follows regarding the preservation and production of ESI.

The parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case.  In addition, the parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

The use of Technology Assisted Review tools may assist in the efficient production of ESI. However, if a party desires to use such technologies, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology.

The parties will request ESI in the form or forms that facilitate efficient review of ESI.  In general, the parties will produce ESI according to the same ESI technical specifications used by defendants in the FTC's pre-complaint investigation, with the exception of Instruction 4(a)(vi), which calls for production of "redacted documents in PDF format accompanied by OCR with the metadata and information required by relevant document type in subparts (a)(i) through (a)(v) above."  The parties may produce redacted documents in image format or native format, accompanied by OCR with the metadata and information required by relevant document type in subparts (a)(i) through (a)(v) of the Instructions.  The parties shall include an "Alternate

Custodian" or "All Custodians" field (or the equivalent) in the metadata associated with documents they produce.  The parties may seek additional modifications to the ESI specifications used in the FTC's investigation.

10. Privilege and Work-Product Protection

If information subject to a claim of attorney-client privilege, work-product immunity, or any other applicable privilege or immunity is produced inadvertently, the parties shall comply with Fed. R. Evid. 502(b) and Fed. R. Civ. P. 26(b)(5)(B).  The parties are encouraged to negotiate a procedure to assert these claims after inadvertent production and, if agreement is reached, to include such a provision in the Protective Order.

The parties shall neither request nor seek to compel the production of any interview notes, interview memoranda, or recitation of information contained in such notes or memoranda, except as specified in the forthcoming Protective Order.  Nothing in this Order requires the production of any party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert (except to the extent that such communications are relied upon by the expert in formulating an opinion in this case), or materials subject to the deliberative-process or any other governmental privilege.

The parties shall abide by the following guidelines concerning the preparation of privilege logs: a general description of the litigation underlying attorney work-product claims is permitted; identification of the name and the company affiliation for each non-defendant person is sufficient identification; and there is no requirement to identify the discovery request to which each privilege document was responsive.

The following privileged or otherwise protected communications may be excluded from privilege logs:

(a) any documents or communications sent solely among outside counsel for the defendant or persons employed or retained by such counsel;

(b) any documents or communications sent solely among counsel for the Federal Trade Commission or persons employed or retained by the Federal Trade Commission;

(c) privileged documents attached to responsive documents, except that if privileged documents that are attached to responsive documents are withheld from production, the parties will insert a placeholder to indicate a document has been withheld from that family;

(d) draft litigation filings not sent to third parties;

(e) documents created after this litigation commenced (April 17, 2019) that were sent solely among Surescripts's outside counsel and in-house counsel exclusively concerning this litigation.

11. <u>Experts</u>

Subject to the following paragraphs, the parties will abide by the requirements of Fed. R. Civ. P. 26(a)(2) and 26(b)(4).

Because experts for both plaintiff and defendant will likely use significant amounts of data in the preparation of their expert reports and their expert testimony, a party shall produce with any initial or rebuttal expert report, subject to the requirements of the Stipulated Protective Order, (a) a list of all commercially-available computer applications used in the preparation of the report; (b) a copy of all data sets, in native file format, used or developed in the preparation of the report; (c) a copy of any customized statistical software or other customized computer programs used by the party's expert in the course of preparing the report; (d) any processed data files developed in the preparation of the report; (e) a description of how the programs and original data set(s) were employed to create a final data set(s) if requested; and (f) a description of the purpose and format

of each data file and program file with instructions on how replication can be conducted if requested.

Each party's expert shall be deposed only once and for no more than seven (7) hours.

12. Pretrial Conference

The final pretrial conference date will be set after resolution of the parties' motions for summary judgment.

13. Trial Date

A trial date in this case will be set after resolution of the parties' motions for summary judgment.

14. Other

(a) Witness Lists

The parties are required to exchange final fact witness lists.  A party's final witness list may include individuals not previously identified on (i) the Rule 26(a) initial disclosures or (ii) Rule 26(e) supplemental disclosures that have been provided at least 30 days before the end of fact discovery, so long as the opposing party is provided a reasonable opportunity to take the witness's deposition before the pretrial conference. The limitation on depositions shall not include depositions of any person identified in the final trial witness list, who was not previously disclosed in (i) or (ii) above and was not previously deposed.

(b) Nationwide Service of Trial Subpoenas

The parties may move the Court to allow nationwide service of process of trial subpoenas pursuant to Fed. R. Civ. P. 45 and 15 U.S.C. § 23.

(c) Pretrial Order and Exhibit Lists

The parties shall negotiate the timing, method, and manner of the exchange of exhibit lists,

deposition designations and objections (and counter-designations thereto), final trial witness lists, motions in limine, and Daubert motions.

(d) Service of Pleadings and Discovery on Nonparties

Service of all pleadings and discovery, including Fed. R. Civ. P. 45 subpoenas for testimony or documents, and delivery of all correspondence in this matter shall be made by email or FTP to counsel of record for each party, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, in which case service shall be made to the following individuals designated by the parties for each side noted below:

For plaintiff Federal Trade Commission:

Markus H. Meier
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, DC 20024
(202) 326-3759
mmeier@ftc.gov

David B. Schwartz
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, DC 20024
(202) 326-3748
dschwartz1@ftc.gov

For defendant Surescripts:

Amanda P. Reeves
Allyson M. Maltas
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2183
Facsimile: (202) 637-2201
Email: amanda.reeves@lw.com
Email: allyson.maltas@lw.com

Alfred C. Pfeiffer, Jr.
Elizabeth C. Gettinger
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: al.pfeiffer@lw.com
Email: elizabeth.gettinger@lw.com

Each side shall copy and produce materials obtained in discovery, in the format they were received from any nonparty, to the other side, within three business days after receipt by the side initiating the discovery request; except that if a nonparty produces materials that are not Bates-stamped, the party receiving the materials may Bates-stamp them before producing a copy to the other party and shall produce the documents or electronically stored information in a reasonable time.

Service of materials too voluminous to be sent electronically (via email or FTP transfer) shall be delivered to plaintiff:

Markus H. Meier
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, DC 20024
(202) 326-3759
mmeier@ftc.gov

David B. Schwartz
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, DC 20024
(202) 326-3748
dschwartz1@ftc.gov

Service of materials too voluminous to be sent electronically (via email or FTP transfer) shall be delivered to defendant:

Amanda P. Reeves
Allyson M. Maltas
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2183
Facsimile: (202) 637-2201
Email: amanda.reeves@lw.com
Email: allyson.maltas@lw.com

Alfred C. Pfeiffer, Jr.
Elizabeth C. Gettinger
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: al.pfeiffer@lw.com
Email: elizabeth.gettinger@lw.com

(e) <u>Modification of Scheduling and Case Management Order</u>

Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

(f) <u>Miscellaneous</u>

As to all other discovery issues not addressed in this Scheduling Order, the parties must comply with the limitations and requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.  In the event that a discovery dispute arises, the parties shall make a good faith effort to resolve or narrow the areas of disagreement. If the parties are unable to resolve the discovery dispute, the parties shall jointly call chambers at (202) 354-3430 before filing a discovery motion, at which time the Court will make a determination as to the manner in which it will handle the discovery dispute.

A status conference in this matter is set for June 16, 2020, at 9:30 a.m. in Courtroom 30.

**SO ORDERED.**

_____/s/_____

JOHN D. BATES

United States District Judge

Dated:  <u>February 28, 2020</u>