UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

SURESCRIPTS, LLC,

    Defendant.

Civil Action No. 19-1080 (JDB)

**Federal Trade Commission's Response to the Court's June 22, 2020 Minute Order**

The Court's June 22, 2020 minute order asks the parties to address "what bearing, if any, the Supreme Court's decision in *Liu v. SEC*, [140 S. Ct. 1936 (2020)], has on this case." The answer is that *Liu* does not have any impact on this Court's analysis of whether Surescripts's conduct violates the antitrust laws. *Liu* may, however, eventually play a role in the Court's consideration of appropriate relief for any such violation. But those remedial questions lie far down the road.

*Liu* addressed whether the Securities and Exchange Commission may obtain disgorgement in a federal court enforcement action. 140 S. Ct. at 1940. The Supreme Court held that the SEC's request for disgorgement of a wrongdoer's ill-gotten gains is a permissible form of equitable relief. *Id.* Yet *Liu* did not raise or address any substantive antitrust issues that would affect Surescripts's potential liability. Thus, whatever *Liu*'s implications may be for this case at the remedy stage, they will not be pertinent for some time. The parties are not yet even halfway through fact discovery, and summary judgment briefing is currently scheduled to be completed

in December 2021.¹ As this Court previously observed, "[a] declaration of the remedies available to the FTC . . . on the current record would border dangerously on an advisory opinion." *Swish Mktg., Inc. v. FTC*, 669 F. Supp. 2d 72, 78 n.4 (D.D.C. 2009) (Bates, J.); *see also FTC v. Cantkier*, 767 F. Supp. 2d 147, 160 (D.D.C. 2011) ("The relief available for Plaintiff's claims is a question best addressed once an entitlement to relief is proven.").

Indeed, the Supreme Court recently granted two petitions for a writ of certiorari in *FTC v. Credit Bureau Ctr., LLC*, No. 19-825, --- S. Ct. ----, 2020 WL 3865251 (July 9, 2020), and *AMG Capital Mgmt., LLC v. FTC*, No. 19-508, --- S. Ct. ----, 2020 WL 3865250 (July 9, 2020), to address the authority of district courts to award equitable monetary relief in suits brought under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), such as this one.² As a result, by the time this Court may need to consider monetary remedies in this case, it will have the benefit of the Supreme Court's decision in those cases as well.

Although this Court need not reach any question pertaining to remedies at this point, we note that *Liu* did conclusively resolve—in the FTC's favor—one remedy argument that Surescripts made in prior briefing. Specifically, Surescripts asserted that the Supreme Court's holding in *Kokesh v. SEC*, 137 S. Ct. 1635 (2017), that SEC disgorgement was a "penalty" for purposes of a statute of limitations, meant that disgorgement is not "equitable relief."³ *Liu*

---

¹ Scheduling Order [ECF No. 54] at 2.

² That same day, the Supreme Court also denied Credit Bureau Center's cross-petition for a writ of certiorari, which sought Supreme Court review of whether the FTC may file suit directly in a district court without filing an administrative complaint. *See* Petition for Writ of Certiorari at i, *Credit Bureau Ctr., LLC v. FTC*, No. 19-914, --- S. Ct. ----, 2020 WL 3865255 (July 9, 2020).

³ *See* Mem. in Supp. of Surescripts, LLC's Mot. to Dismiss Compl. [ECF No. 32] at 3 n.2 ("[T]he FTC presumably lacks [the power to seek disgorgement] after the Supreme Court's decision in *Kokesh* . . . ." (citing *Kokesh*, 137 S. Ct. at 1642 n.3)). As the FTC previously pointed out, equitable monetary relief is only one of the remedies the agency seeks here. FTC's Response to the Court's January 3, 2020 Minute Order [ECF No. 43] at 3.

squarely rejected this argument. 140 S. Ct. at 1940, 1946. The Supreme Court further clarified that disgorgement of a wrongdoer's net profits to compensate victims accords with traditional principles of equitable relief. *Id.* at 1942-44.

In addition, while *Liu* addressed the SEC's authority, its analysis supports the FTC's authority to obtain equitable monetary relief in suits brought under Section 13(b). As the FTC has explained,[4] longstanding Supreme Court precedent dictates that in a government civil enforcement action, "[u]nless otherwise provided by statute," an unqualified grant of authority to issue a permanent injunction to enjoin violations of a regulatory enactment permits the court to use "all the inherent equitable powers of the District Court . . . for the proper and complete exercise of that jurisdiction." *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946).[5] *Porter* involved the Emergency Price Control Act of 1942, which provided that the government could enforce the act by bringing suit for "a permanent or temporary injunction, restraining order, or other order." *Id.* at 397 (quotation marks omitted). The Supreme Court upheld the district court's order for restitution of overcharges. *Id.* at 400. In so doing, *Porter* held that "[u]nless a statute in so many words, or by necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied." *Id.* at 398.

*Liu* quotes and relies upon this same passage from *Porter*, describing the statute in *Porter* as a "comprehensiv[e] grant of equitable jurisdiction." 140 S. Ct. at 1943 (alteration in original) (quotation marks omitted); *see also id.* at 1946-47 (further discussing *Porter*). Numerous appellate decisions have relied on *Porter* to hold that Section 13(b) of the FTC Act—which,

---

[4] FTC Mem. in Opp. to Surescripts, LLC's Mot. to Dismiss Compl. [ECF No. 36] at 13 n.5.

[5] *See also Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 291-92 (1960) ("When Congress entrusts to an equity court the enforcement of prohibitions contained in a regulatory enactment, it must be taken to have acted cognizant of the historic power of equity to provide complete relief in light of the statutory purposes.").

similar to the statute in *Porter*, grants the power to issue a "permanent injunction"—authorizes district courts to order all forms of equitable monetary relief.[6] *Liu* confirms that these principles remain valid and controlling.

Finally, *Liu* also indicated that disgorgement in SEC cases should generally be limited to "a wrongdoer's net profits" and "awarded for victims." 140 S. Ct. at 1940. Though these two issues are matters for another day, the FTC notes that its request for equitable monetary relief will address both points. As to the first point, Circuit authority has long held that the SEC may obtain a disgorgement award measured by the defendant's net profits.[7] As to the second point, the FTC has a wealth of experience distributing monetary relief to victims of a lawbreaker's anticompetitive, unfair, or deceptive conduct.[8]

---

[6] *See, e.g.*, *FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 598-99 (9th Cir. 2016); *FTC v. Ross*, 743 F.3d 886, 890-91 (4th Cir. 2014), *cert. denied*, 574 U.S. 819 (2014); *FTC v. Bronson Partners, LLC*, 654 F.3d 359, 365-67 (2d Cir. 2011); *FTC v Gem Merch. Corp.*, 87 F.3d 466, 469-70 (11th Cir. 1996); *FTC v. Sec. Rare Coin & Bullion Corp.*, 931 F.2d 1312, 1314-15 (8th Cir. 1991); *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1112-13 (9th Cir. 1982); *see also FTC v. Mylan Labs, Inc.*, 62 F. Supp. 2d 25, 36-37 (D.D.C. 1999); *cf. United States v. Rx Depot, Inc.*, 438 F.3d 1052, 1054–63 (10th Cir. 2006) (citing *Porter* and holding courts can award disgorgement despite the fact that the FDA's statute did not explicitly authorize such a remedy); *United States v. Lane Labs-USA, Inc.*, 427 F.3d 219, 236 (3d Cir. 2005) (same); *SEC v. First City Fin. Corp.*, 890 F.2d 1215, 1230 (D.C. Cir. 1989) (citing *Porter* and holding "[d]isgorgement, then, is available simply because the relevant provisions of the Securities Exchange Act of 1934 . . . vest jurisdiction in the federal courts").

[7] *First City Fin. Corp.*, 890 F.2d at 1232 ("Although the [government] bears the ultimate burden of persuasion that its disgorgement figure reasonably approximates the amount of unjust enrichment, we believe the government's showing of appellants' actual profits on the tainted transactions at least presumptively satisfied that burden.").

[8] An analysis of all funds disbursed by the FTC's redress office in fiscal year 2019 shows that 98.5% ($478 million) was returned to injured consumers, 0.4% ($1.8 million) was sent to the U.S. Treasury, and 1.1% ($5.5 million) was paid to contractors to cover the administrative costs of distributing these funds. In addition, during the same period, $344.4 million was refunded to consumers by defendants as a result of FTC cases. In cases where the defendants administered redress, no money was sent to the U.S. Treasury.

In sum, *Liu* rejected Surescripts's *Kokesh* argument, and *Liu*'s reasoning supports this Court's ability to award equitable monetary relief. But as this case is in the midst of discovery, the FTC respectfully submits that there is no need to further consider such remedial issues before a finding of liability.

Dated: July 13, 2020                    Respectfully submitted,

                                        /s/ Markus H. Meier
                                        Markus H. Meier (D.C. Bar No. 459715)
                                        Bradley S. Albert
                                        Elizabeth Hilder
                                        Joseph P. Mathias
                                        Tanya O'Neil (D.C. Bar No. 1021933)
                                        David B. Schwartz
                                        Federal Trade Commission
                                        600 Pennsylvania Avenue, NW
                                        Washington, DC 20580
                                        Tel: 202-326-3759
                                        Email: mmeier@ftc.gov

                                        *Counsel for Plaintiff Federal Trade Commission*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 13th day of July, 2020, I have electronically filed a true and correct copy of the Federal Trade Commission's Response to the Court's June 22, 2020 Minute Order with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

Dated: July 13, 2020

/s/ *Markus H. Meier*
Markus H. Meier (D.C. Bar No. 459715)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: 202-326-3759
Email: mmeier@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*