**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **FEDERAL TRADE COMMISSION,** |
| **Plaintiff,** |
| **v.** |
| **SURESCRIPTS, LLC,** |
| **Defendant.** |

**Civil Action No. 19-1080 (JDB)**

**STIPULATED ORDER GOVERNING**
**THE TAKING OF REMOTE DEPOSITIONS**

WHEREAS Coronavirus Disease 2019 ("COVID-19") continues to affect the operation of the judicial system and to limit the ability of individuals to travel and to congregate, and

WHEREAS the need to avoid travel and for social distancing among the witnesses and the attorneys in this case are legitimate reasons for remote depositions pursuant to Federal Rule of Civil Procedure 30(b)(4), and

WHEREAS the Parties have agreed to stipulate, pursuant to Rules 29 and 30(b)(4) of the Federal Rules of Civil Procedure, by and through their undersigned counsel and subject to Court approval, to the following terms governing the taking in this case of Remote Depositions (as that term is defined below):

## I.   GENERAL GUIDELINES AND SCOPE

1.     This Stipulated Order Governing the Taking of Remote Depositions (the "Remote Deposition Protocol") will govern, subject to Court approval, the taking of fact depositions[1] in the above-captioned matter as a supplement to the Federal Rules of Civil

---

[1] The parties will discuss the need for remote expert depositions, if any, and the appropriate guidelines for those depositions, following the commencement of the expert discovery period.

1

Procedure; United States District Court for the District of Columbia Local Rules; the February 28, 2020 Scheduling Order; and the March 9, 2020 Protective Order.

2.     This Remote Deposition Protocol does not modify the governing rules for the taking of depositions imposed by the Federal Rules of Civil Procedure or the Federal Rules of Evidence except to the extent those rules are specifically modified herein.

## II. DEFINITIONS

3.     "Attending Counsel" shall mean legal counsel for a Party or for the Witness, including in house and outside counsel (so long as their presence complies with the Protective Order governing this Action), who is not Deposing Counsel or Defending Counsel, but who is attending a Remote Deposition.

4.     "Defending Counsel" shall mean the legal counsel of the Party, Parties, or Third Party defending a deposition in this litigation.  In the event a Third-Party Witness does not have counsel, then "Defending Counsel" shall mean the Witness himself or herself.

5.     "Deposing Counsel" shall mean the legal counsel of the Party or Parties noticing and/or taking a deposition in this litigation.

6.     "Noticing Party" means a Party (or Parties in the event that a Third Party deposition is cross-noticed by both Parties) that noticed Remote Deposition of a Witness pursuant to Federal Rule of Civil Procedure 30 or Federal Rule of Civil Procedure 45.

7.     "Third Party" or "Third-Party Witness" shall mean all natural or legal persons that are neither Parties nor persons retained by any of the Parties or the Parties' counsel and from whom a Party is seeking testimony at a deposition in this litigation.

8.      "Platform" means any computer program, application, or other technology or combination of technologies that enables the Parties to conduct a Remote Deposition in accordance with this Protocol.

9.      "Remote Deposition" means any deposition by oral examination conducted pursuant to Federal Rules of Civil Procedure 27, 30, or 45 where all of the participants—including Deposing Counsel, Defending Counsel, Attending Counsel, the Witness, court reporters, or videographers—are not physically present in the same location at the time the deposition is taken. A "Remote Deposition" shall mean a deposition conducted using a Platform as agreed to under this Protocol that allows for the Witness, Attending Counsel, Deposing Counsel, Defending Counsel, the court reporter, and videographer to participate in a deposition without attending the deposition in person, or any other means to which the Deposing Counsel, Defending Counsel, and Attending Counsel agree.

10.     "Witness" means the person, including Third Parties, whose Remote Deposition has been noticed in this litigation or any person designated to appear to give testimony on behalf of a Party or Third Party pursuant to Federal Rule of Civil Procedure 30(b)(6).

### III.    NOTICING DEPOSITIONS

11.     Given the enhanced need to coordinate during these unprecedented times, the Parties agree to work cooperatively to notice and schedule depositions.  Specifically, subject to the provisions of this Paragraph, no Party will issue a unilateral notice of deposition (either Remote Depositions or in person depositions as described below) and will instead provide informal notice by email to counsel for the Party as to the Witnesses that the FTC or Surescripts seeks to depose. For each Witness, the informal email notice will contain a 2 week range that the Noticing Party wishes to take that Witness's deposition, as well as a preferred date within that 2 week range. The

Party that receives the informal email notice shall have 7 calendar days to respond to that email either by accepting the preferred deposition date or offering at least two other dates within the specified 2 week range where the Witness is available for a deposition, unless otherwise agreed to by the Parties or ordered by the Court.  After agreement is reached, the Noticing Party may send a confirmatory Notice of Deposition for each deposition and date agreed upon. If, after 7 calendar days from the date of the informal email notice, the receiving Party has not responded to the email in accordance with this Paragraph, then the Noticing Party may issue a unilateral Notice of Deposition; provided that the Parties may continue to negotiate a date that is mutually agreeable after such unilateral Notice of Deposition is issued.

12.     The Parties further agree to use best efforts to schedule Third Party depositions with each other and Counsel for each Third Party rather than send unilateral deposition subpoenas to Third Parties pursuant to Federal Rule of Civil Procedure 45.  Specifically, a Noticing Party shall first send an informal email notice to both the Third Party and the opposing Party containing a 2 week range that the Noticing Party wishes to take the deposition of a Third Party, as well as a preferred specific date within that 2 week range.  Both the opposing Party and the Third Party that receives the informal email notice shall have 7 calendar days to respond to that email by either accepting the preferred deposition date or offering at least two other dates within the specified 2 week range where the Witness is available for a deposition.  After agreement is reached, the Party or Parties noticing or cross-noticing the deposition may send a confirmatory subpoena to Third Party Counsel for each deposition agreed upon.  If, after 7 calendar days from the date of the informal email notice, the receiving Party or the Third Party has not responded to the email in accordance with this Paragraph, then the Noticing Party may issue a unilateral subpoena; provided

that the Parties and the Third Party may continue to negotiate a date that is mutually agreeable after such unilateral subpoena is issued.

### IV.       AGREEMENT TO CONDUCT REMOTE DEPOSITIONS

13.       Pursuant to Fed. R. Civ. P. 29(a) and Fed. R. Civ. P. 30(b)(4), Remote Depositions in this case shall be taken so that such depositions comply with the applicable local and state regulations and orders in the location of the Witness, and any federal regulations and orders, concerning social distancing and public health.

14.       It is the default presumption that all fact depositions in this case shall be Remote Depositions, unless agreed upon pursuant to Paragraph 15 below.  If any Party or Third-Party Witness objects to the taking of the deposition by remote means, it must notify the Noticing Party, in writing, of the objection within five business days of receiving the Noticing Party's notice of its intention to take a Remote Deposition. Such objection may only be noticed and such deposition can only take place in person if consistent with any local or state orders concerning social distancing and public health that are applicable in the jurisdiction where the Witness resides and/or will sit for the deposition at the time of the notice and at the time of the deposition itself. If the objection cannot be resolved, then by no later than ten business days from receiving the Noticing Party's notice of its intention to take a Remote Deposition, the Party or Third-Party Witness seeking for the deposition to be held in person may request a joint phone call with the Court's Chambers to seek an order that the deposition be taken in person or remotely. The deposition may not take place until the Court resolves such dispute.

15.       If any Noticing Party intends to take a deposition in person, the Party must secure agreement of the Witness and Defending Counsel within ten business days from the date of the informal email notice discussed in Paragraphs 11-12 above.  Such agreement can only be

reached and such deposition can only take place if consistent with any local or state orders concerning social distancing and public health that are applicable in the jurisdiction where the Witness resides and/or will sit for the deposition at the time of the notice and at the time of the deposition itself. The Party seeking to take the deposition in person, the Witness, Defending Counsel, any other Noticing Party, and any Attending Counsel agree to promptly confer in good faith with each other to attempt to resolve any objection to taking the deposition in person.  If the objection is not resolved, the Noticing Party may request a joint phone call to the Court's Chambers to seek an order that a deposition be taken in person or remotely.  The deposition may not take place until the Court resolves such request.  Should the local or state orders concerning social distancing and public health that are applicable in the jurisdiction where the Witness resides and/or will sit for the deposition permit an in person deposition at the time of the agreement, but then change such that an in person deposition would not be permitted at the time of the deposition itself, the Parties will hold the deposition as scheduled as a Remote Deposition.

16.      If an in-person deposition is held, the Party that sought to hold the deposition in person shall make reasonable accommodations, including providing use of a Platform, to enable remote attendance for those who cannot attend in person.

17.      The Parties hereby expressly waive their right to object to any Remote Deposition based on the fact that the deposition was taken using remote means.

### V.      DURATION OF REMOTE DEPOSITIONS

18.      Any time spent, whether on or off the record, dealing with technical issues or other issues unique to the taking of the Remote Deposition shall not count against the seven hours allowed for a deposition under the Federal Rules of Civil Procedure.  The duration of a

Remote Deposition may be further enlarged by agreement of the Parties or by order of the Court.

## VI.    THE TECHNOLOGY TO BE USED FOR REMOTE DEPOSITIONS

19.    Any Platform must allow for the court reporter to accurately record, and for all participating attorneys and the court reporter to hear and see, the Witness, Deposing Counsel, Defending Counsel, and Attending Counsel.

20.    The Parties agree to use Veritext or TSG for all Remote Depositions. Collectively, the companies specified in the previous sentence shall be referred to herein as the "Vendor."  Any Party may, with at least fourteen calendar days' notice to all other Parties, add a new Vendor to the list of Vendors included in this Paragraph. Nothing in this Paragraph is intended to create any contractual or financial obligation between any Party and any Vendor listed in this Paragraph.

21.    Unless otherwise agreed, the Platform of the Noticing Party who first noticed the deposition shall be used for that Remote Deposition.

22.    The Platform for a Remote Deposition will be configured such that any private chat feature is disabled.  Breakout room features may be enabled only for breaks and recesses off the record.

23.    The Party whose Platform is used to conduct a Remote Deposition shall be responsible for arranging the taking of a Remote Deposition with the Vendor and ensuring that email invitations to attend the deposition remotely are sent to the Witness and participating attorneys.  Deposing Counsel, Defending Counsel, and all Attending Counsel shall provide their respective email addresses and all email addresses of attendees from their Party, including the

email address of the Witness and all other persons intending to attend the deposition no later than four business days before the deposition.

24.     Upon the request by any Party, the Witness, or Defending Counsel, a Noticing Party whose Platform is to be used to conduct the Remote Deposition shall arrange for the Witness and all participating attorneys to participate in a test run of the Platform.  The Parties will work together to ensure that the Witness has access to technology that meets the minimum standards required by the Platform.

25.     Remote Depositions subject to this Protocol shall be recorded by stenographic means.  The deposition may be recorded by audiovisual means at the election of either side, at that side's expense.

26.     Unless otherwise agreed, any costs associated with providing the Platform for the taking of a Remote Deposition shall be the responsibility of the Noticing Party that first notices the deposition at issue.  Other Parties will still bear their own costs for copies of transcripts and copies of video recordings from any deposition.  Any video recordings taken will be of the Witness only and not capture any other person attending the deposition.

27.     Deposing Counsel and Defending Counsel may elect to have a technical specialist attend a Remote Deposition to ensure that technical issues are resolved in a timely manner.

28.     To the extent that a Platform selected by the Noticing Party has known iPad-related technical issues, the Parties agree that no Witness, Deposing Counsel, Defending Counsel, or Attending Counsel will use an iPad to join that Platform for purposes of participating in a Remote Deposition.

8

## VII.    EXHIBITS

29.    Pursuant to Fed. R. Civ. P. 30(f)(2), Deposing Counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at a Remote Deposition can be shown to the Witness in a manner that enables the Witness and counsel for all Parties to review the exhibits in their entirety during the course of the deposition.  For Remote Depositions of Surescripts Witnesses only, for all potential exhibits consisting of documents greater than 5 pages long and for file types other than TIFF images or PDFs (including, for example, PowerPoint presentations, Excel worksheets, audio or video files, or other file types), Deposing Counsel will provide the Witness and Defending Counsel with password-protected, electronic copies of such files 12 hours in advance of the deposition.  Any such electronic file containing exhibits shall not be opened until the commencement of the Remote Deposition, and Deposing Counsel may wait until up to 30 minutes before the commencement of the Remote Deposition to share the password with the Witness, Defending Counsel, and (if necessary) the Third-Party.  All exhibits, including exhibits used at Third Party depositions, may be marked and introduced through the Platform enabled for Remote Depositions, which shall enable Deposing Counsel to share exhibits with the Witness, court reporter, the videographer, Defending Counsel, and Attending Counsel.  Within two business days, the Witness shall confirm to Defending Counsel that the Witness has destroyed any copies of the electronic exhibits that were downloaded onto the Witness's device. Thereafter, within one business day, Defending Counsel shall confirm in writing to Deposing Counsel that the Witness has destroyed any copies of the electronic exhibits that were downloaded onto the Witness's device.

30.    The Witness, Defending Counsel, and any persons not affiliated with the Deposing Counsel other than the Vendor shall not review any exhibit until it is introduced as an

exhibit by the Deposing Party at the Remote Deposition.  Third-Party Witnesses and their

Defending Counsel shall not retain any copies of documents sent in advance of or used during

the deposition and shall confirm in writing that they will return or destroy any such documents

at the end of the deposition.

31.      Unless a Party chooses to use pre-marked exhibits, the court reporter shall be

responsible for marking exhibits and ensuring that such marks are communicated to all

participating attorneys and the Witness on the record during the Remote Deposition, and

maintaining the final, marked set of exhibits for each deposition.

### VIII.   COMPLIANCE WITH THE FEDERAL RULES

32.      The Parties agree that, as used in Fed. R. Civ. P. 28(a)(1)(A), the "place of

examination" is the location of the deponent.

33.      A Remote Deposition will be deemed to have been conducted "before an officer"

as required by Federal Rule of Civil Procedure 30(b)(5)(A) so long as that officer attends the

deposition via the same Platform used to connect all other remote participants, and so long as

all participants (including the officer) can clearly hear and be heard by all other participants.

34.      Notwithstanding any other rule to the contrary, the Parties stipulate that the

Witness' oath or affirmation may be administered remotely.

35.      Deposing Counsel and Defending Counsel respectively shall be responsible for

ensuring that they have a means of communicating with co-counsel or the Witness, as appropriate,

during breaks in the deposition.  The Parties agree not to oppose reasonable accommodations to

allow such conferences during breaks, as well as communications among co-counsel during the

Remote Deposition.

### IX.     MISCELLANEOUS PROVISIONS

36.     All participants shall have the option to conduct a joint test of the Platform prior to the taking of a Remote Deposition.  The joint test, if any, will take place no less than 12 hours before the Remote Deposition. A Party or Third Party that fails to make use of the option for a joint test, or fails to participate in a test, whether or not requested by that Party, waives any objections to the use of the Platform.

37.     All persons attending a Remote Deposition shall identify themselves for the Record at the beginning of the Remote Deposition or when they enter the Remote Deposition. Deposing Counsel, Defending Counsel, and (if necessary) the Third Party shall enable both an audio and video connection at all times during a Remote Deposition, and for these individuals the audio connection shall be muted when appropriate, but the video connection shall remain active, with the camera turned on, at all times during a Remote Deposition.  Other Attending Counsel that do not intend to speak on the Record need not enable video connection during the Remote Deposition and shall remain on mute.

38.     Anyone who is physically present in the same room as the Witness, other than a non-attorney providing technical assistance to the Witness as described in this Paragraph, must be logged onto the Platform with a separate video connection or be otherwise viewable by a camera at all times during the course of the Remote Deposition.  However, a Witness is permitted to have physically present in the same room a non-attorney for the purpose of providing technical assistance to the Witness in using the Platform; this non-attorney does not need to appear on a video connection or be otherwise viewable by a camera at all times during the course of the Remote Deposition.

39.     When on the Record during a Remote Deposition, the Witness may not communicate with any person, except through the Platform, by any means, including through gestures, handwritten communications, email, chat, instant messaging, or text messaging. As referenced in Paragraph 22, all private chat features provided in a Platform must be disabled. This restriction does not apply to conversations between the Witness, Defending Counsel and other Attending Counsel that represent the Witness (or the Party with whom the Witness is affiliated) during breaks or other recesses not on the record, which can occur in breakout rooms provided by Platform or other means. Such breaks or recesses and any such conversations taking place during them must occur in the manner permitted under applicable federal and local rules and procedures.

40.     When on the record during the Remote Deposition, the Witness may not review, read, have before them, or otherwise access any document or other outside source of information, including email, text, web pages, social media, video, audio, or any other material, except documents presented to the Witness as exhibits during the Remote Deposition, without the express consent of counsel for all Parties. Information that the Witness learns at a Remote Deposition or on breaks during the Remote Deposition is discoverable pursuant to Federal Rules of Civil Procedure.

41.     If technical difficulties arise during the taking of a Remote Deposition, counsel for the Parties must meet and confer immediately, by telephone or other means, to determine whether the Remote Deposition can proceed or should be continued to a future date. If technical difficulties make the completion of a Remote Deposition impracticable, the counsel for the Parties and the Witness shall resume the Remote Deposition at the earliest, mutually-convenient

opportunity.  Either Party or a Third-Party Witness may seek by letter motion a protective order governing whether or the terms under which the Remote Deposition may resume.

42.     Based on their experience under this Remote Deposition Protocol and the needs of individual witnesses, (a) the Parties, or the Parties and any Third-Party Witness, may stipulate to modifications of this Protocol applicable to an individual Remote Deposition; or (b) the Parties may stipulate and submit to the Court for its approval modifications to this Protocol applicable to all depositions.

43.     The Noticing Party shall serve a copy of this Remote Deposition Protocol with any subpoena for a Remote Deposition. The Parties shall use their best efforts to obtain the consent of a Third-Party Witness to this Protocol after service of the Subpoena.  If a Party cannot obtain a Third-Party Witness's consent to this Protocol, it shall inform the other Parties. If a Third-Party Witness does not consent to this Protocol, then no later than seven calendar days from receiving the Third-Party Witness's refusal to consent to this Protocol, the Parties and the Third-Party Witness, and any counsel for the Third-Party Witness, will place a joint phone call to the Court's Chambers to resolve the dispute.

44.     All persons attending Remote Depositions are reminded that the typical rules of professionalism and etiquette during depositions still apply.  All persons attending depositions taken pursuant to this Remote Deposition Protocol who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted.  All persons attending the Remote Deposition will limit their entries and exits to and from the Remote Deposition to the extent feasible. In addition, all persons attending depositions taken pursuant to this Remote Deposition Protocol shall ensure that they can do so in a space that is relatively free from distractions that would interfere with the deposition.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  September 22, 2020                                    Respectfully Submitted,


Dated:  <u>September 22, 2020</u>                            **SO ORDERED.**


_____ __  /s/__ _____
John D. Bates
United States District Judge