```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA


 FEDERAL TRADE COMMISSION,      .
                                .
         Plaintiff,             .  CA No. 19-1080 (JDB)
                                .
    v.                          .
                                .
 SURESCRIPTS, LLC,              .  Washington, D.C.
                                .  Wednesday, December 1, 2021
         Defendant.             .  11:30 a.m.
 . . . . . . . . . . . . . . . .


                     TELEPHONE CONFERENCE
              BEFORE THE HONORABLE JOHN D. BATES
                 UNITED STATES DISTRICT JUDGE

 APPEARANCES:

 For the Plaintiff:            DAVID B. SCHWARTZ, ESQ.
                               MARKUS H. MEIER, ESQ.
                               Federal Trade Commission
                               Bureau of Competition
                               400 7th Street SW
                               Washington, DC 20024
                               (202) 326-2075

 For the Defendant:            ALFRED C. PFEIFFER, Jr., ESQ.
                               Latham & Watkins LLP
                               505 Montgomery Street
                               Suite 2000
                               San Francisco, CA 94111-6538
                               (415) 391-0600

                               ALLYSON M. MALTAS, ESQ.
                               Latham & Watkins LLP
                               555 11th Street NW
                               Suite 1000
                               Washington, DC 20004
                               (202) 637-2200


 Court Reporter:               BRYAN A. WAYNE, RPR, CRR
                               U.S. Courthouse, Room 4704-A
                               333 Constitution Avenue NW
                               Washington, DC 20001
                               (202) 354-3186
```

```
 1                    P R O C E E D I N G S
 2            THE DEPUTY CLERK:  Your Honor, this is civil matter
 3   19-1080, the Federal Trade Commission versus Surescripts, LLC.
 4   Counsel, please identify yourselves for the record, beginning
 5   with the plaintiffs.
 6            MR. SCHWARTZ:  Good morning, Your Honor.  This is
 7   David Schwartz on behalf of the Federal Trade Commission.
 8            MR. MEIER:  I'm sorry I joined late.  I apologize.
 9            THE COURT:  Good morning.
10            MR. PFEIFFER:  This is Al Pfeiffer for Surescripts,
11   and with me on the call is my colleague, Allyson Maltas.
12            MR. SCHWARTZ:  And this is David Schwartz for the FTC.
13   My colleague, Markus Meier, is also with us.
14            THE COURT:  All right.  Good morning to everyone,
15   and I hope you all had a nice Thanksgiving.
16       And now what's the news with respect to this matter?
17   Mr. Schwartz?
18            MR. SCHWARTZ:  Thank you, Your Honor.  This is
19   David Schwartz for the FTC.  From the FTC's perspective, there
20   are no disputes between the parties that require the Court's
21   involvement at this time.  The FTC is diligently conducting
22   expert discovery, and we plan to serve our rebuttal expert
23   reports at the end of this week in accordance with the case
24   schedule.
25       However, there is one issue that I would like to inform
```

1   the Court about, and I will be happy to answer any questions
2   the Court may have.  That one issue is that Surescripts' expert
3   appears to have a scheduling conflict during the time that we
4   have set aside for expert depositions.  The close of expert
5   discovery in this case is currently scheduled to occur on
6   Monday, January 24, 2022.
7        However, it appears that Surescripts' expert can sit at
8   deposition later in the week of the 24th, and so very soon the
9   parties expect to submit a joint motion that extends only the
10  close of expert discovery by three days, and it would not affect
11  any other deadline in the case schedule.  Let me pause there and
12  see if there are any questions from the Court that I can answer.
13          THE COURT:  Well, that seems clear enough, and if
14  Surescripts has no problem with it, I don't think I will have
15  any problem with it.  Did you have anything further you wanted
16  to say, Mr. Schwartz?
17          MR. SCHWARTZ:  Not at this time, Your Honor.
18          THE COURT:  All right.  Mr. Pfeiffer.
19          MR. PFEIFFER:  Yes, Your Honor.  Thank you.
20  This is Al Pfeiffer.  One clarification.  I would not want it to
21  be unclear.  It's not actually our expert that has the conflict;
22  it's actually me personally, for which I do apologize to both
23  the opposing counsel and to the Court.  It's actually my schedule
24  that requires the three days, and Surescripts is aware of that
25  and has no problem with it.

1    THE COURT: Well, in that case, I do have a problem
2 with it.
3    (Laughter.)
4    MR. PFEIFFER: I was afraid of that.
5    Your Honor, the other thing I would -- I agree that we
6 are continuing to work on the expert discovery. We're looking
7 forward to getting the expert rebuttal report on Friday from
8 the government.
9    The only thing I would add is we are still continuing in
10 the process of discussions about whether there are steps that
11 the parties can take to address the government's concerns and
12 resolve this matter. That process is ongoing, and we look
13 forward to hopefully hearing back from the government soon and
14 continuing those discussions.
15    THE COURT: All right.
16    Anything further that anyone wants to say?
17    MR. SCHWARTZ: Nothing from the FTC, Your Honor.
18    MR. PFEIFFER: Nothing for us, for Surescripts,
19 Your Honor.
20    THE COURT: All right. Thank you.
21    We have a schedule in place. It has discovery ending the
22 24th of January, but I understand there will be a motion coming
23 to extend that by a couple of days. And that seems fine to me,
24 and I would anticipate approving that promptly.
25    You've got a briefing schedule thereafter for summary

1  judgment filings.  It does seem to me that it makes a lot of
2  sense, particularly in the wake of the Supreme Court's ruling
3  last year -- or is it earlier this year?  It does make some
4  sense for the parties to take their best shot at resolving this
5  matter.  If there's anything the Court can do to assist the
6  parties in that effort, please let me know.
7       I will be happy to assist in getting a magistrate judge
8  to help, if that would be good for you, or discussing with you
9  a mediator of some kind.  But don't leave that stone unturned
10 if it would be useful for you, because I do think that there's
11 a lot to be said for giving your best effort at resolution at
12 this time before you start incurring even more expenses in terms
13 of summary judgment and, if necessary thereafter, a trial.
14      So with that, I take it that you're not asking anything
15 of me at this moment.
16           MR. PFEIFFER:  Your Honor, this is Al Pfeiffer for
17 Surescripts.  I don't think the parties are asking anything
18 of you at this moment, but we definitely appreciate both the
19 guidance and the offer, and we will take that to heart.  If we
20 get to a point where we think that is useful, I'm sure I speak
21 for the government too that we will take you up on that offer.
22           MR. SCHWARTZ:  Yes.  This is David Schwartz for the
23 FTC.  I don't think we need anything at this time, but I very
24 much appreciate the offer.
25           THE COURT:  All right.  So with that, the next thing

1    I am likely -- well, other than the couple-of-day extension of
2    discovery for purposes of this one deposition, the next thing
3    I am likely to hear from you on is the filing of summary
4    judgment motions by March 28, 2022.  Given that, is there any
5    need for me to schedule something further prior to that date,
6    in other words, between the close of discovery at the end of
7    January and that March 28th motion filing date?  Would it be
8    beneficial to have another status call sometime, for example,
9    in February?
10             MR. PFEIFFER:  Your Honor, this is Al Pfeiffer --
11   I'm sorry.  Go ahead.
12             MR. SCHWARTZ:  Your Honor, this is David Schwartz.
13   At this time I don't foresee a need for an additional status
14   conference between now and the filing of summary judgment.
15   This case has been run very courteously, and I don't think we've
16   had very many disputes.  But that's just my initial reaction.
17             MR. PFEIFFER:  And, Your Honor, this is Al Pfeiffer.
18   I certainly agree that I think the parties have worked very
19   cooperatively, but I do think there is benefit in having regular
20   check-ins with the Court.  I think something in early February
21   would be useful.
22             THE COURT:  Yeah, it seems to me that it might be
23   useful for me to know at that time, which is two and a half
24   months from now, let's say, to know at that time whether the
25   case is most likely on a continuing litigation track with

1    summary judgment, or is more likely on a settlement track by
2    then with any progress the parties have made.  So why don't we
3    go ahead and schedule something.
4         It seems to me that that might be beneficial, perhaps
5    for you but certainly for me.  And if I look at February, I
6    just scheduled a couple of matters on February 16, and maybe
7    we could add this to that date.
8              MR. SCHWARTZ:  Your Honor, this is David Schwartz
9    for the FTC.  I think something on February 16, the Wednesday,
10   would be fine by the FTC.
11             THE COURT:  How about two o'clock?
12             MR. PFEIFFER:  This is Al Pfeiffer.  That would work
13   for us too.
14             THE COURT:  How about two o'clock on the 16th?
15             MR. PFEIFFER:  Your Honor, that would be great
16   for us, for Surescripts.
17             MR. SCHWARTZ:  As well for the FTC.
18             THE COURT:  All right.  Let's schedule another status
19   call, and we'll do it by conference call unless I hear from the
20   parties that they want to do something else.  But we'll do it by
21   telephone call, just as this one has taken place, at two o'clock
22   on February 16.  With that, anything further beyond that
23   scheduling?
24             MR. PFEIFFER:  Not for Surescripts, Your Honor.
25   Thank you.

```
1              MR. SCHWARTZ:  And not for the FTC, Your Honor.
2              THE COURT:  All right.  Good luck in your continuing
3    efforts with respect to the discovery, with respect to any
4    conversations, and have good end-of-the-year holidays.
5              MR. SCHWARTZ:  Thank you, Your Honor.
6              MR. PFEIFFER:  Thank you, Your Honor.
7              THE COURT:  All right.  Good day.  Bye.
8         (Proceedings adjourned at 11:40 p.m.)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

\* \* \* \* \* \*

CERTIFICATE

I, BRYAN A. WAYNE, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.


*/s/ Bryan A. Wayne*
Bryan A. Wayne