IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**<br>Plaintiff,<br><br>v.<br><br><br>**Surescripts, LLC**<br>Defendants. | Case No.: 1:19-cv-01080<br>Judge John D. Bates |

**AMENDED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
NON-PARTY DRFIRST.COM INC'S AMENDED MOTION TO SEAL**

DrFirst.com, Inc. ("DrFirst"), pursuant to Fed. R. Civ. P. 5.2(d), Local Rule 5.1(h), and this Court's March 18, 2022 order, respectfully files this Amended Motion with the Court to seal certain competitively-sensitive documents that Surescripts, LLC ("Defendant") and the Federal Trade Commission ("Plaintiff") filed in support of, or in opposition to, the motions for summary judgment ("Summary Judgment Material").

**I.      INTRODUCTION**

DrFirst is a third party to this litigation and produced confidential documents in response to third-party subpoenas it received from Plaintiff and Defendant. On May 27, 2022, DrFirst was notified that documents containing its competitively-sensitive information and designated as Confidential or Highly Confidential under the Protective Order entered in this matter were included in Summary Judgment Material of Plaintiff and Defendant, and filed conditionally under seal. DrFirst seeks to maintain just five of these documents under seal (in full or in part) to protect its competitively-sensitive information, which if disclosed to the general public, would result in significant competitive harm to DrFirst. *See* Exhibit A.

DrFirst timely moved this Court to seal these competitively-sensitive documents in a motion filed on June 10, 2022.  *See* ECF No. 130.  After discussions with the FTC, DrFirst agreed one of the FTC's exhibits (Exhibit 122) does not need to be maintained under seal in its entirety and only portions of that exhibit need to remain sealed.  DrFirst accordingly now files this Amended Motion to limit the scope of information it believes should remain confidential and under seal in that document.  Attached to this Amended Motion as Exhibit C is a redline showing the changes between the Motion DrFirst filed on June 10, 2022, and this Amended Motion.

DrFirst's confidential business information would not have been made public but for the subpoenas it received in this case.  Thus, as outlined in Exhibit A, DrFirst requests complete or partial non-disclosure of these documents to the extent necessary to protect its confidential business information.  There is no less restrictive manner of protecting DrFirst's interests.

## II.    ARGUMENT

DrFirst, a third-party to this litigation, seeks an order to seal only its most confidential and sensitive business information because public disclosure would cause serious competitive harm to DrFirst.  A limited number of documents produced by DrFirst contain competitively-sensitive information such as DrFirst's confidential business information and strategic plans. DrFirst's customer-specific pricing information is highly competitively sensitive.  If disclosed, DrFirst's competitors would gain an advantage in negotiating with customers.  Similarly, discussions via email and through presentation of strategic business plans are highly competitively sensitive.  If disclosed, DrFirst's competitors would gain an advantage in understanding how DrFirst intends to compete and position itself in the future.  Even discussions from as far back as 2014 regarding potential strategic options are highly competitively sensitive as they provide insights into DrFirst's current strategic plans and confidential business activities.  DrFirst's contracts with other industry

participants such as Surescripts contains highly competitively sensitive contract terms. If disclosed, competitors of DrFirst—and Surescripts—would likely gain a competitive advantage.

Motions to seal are routinely granted for these types of competitively-sensitive documents. Courts in the D.C. Circuit consider the following factors in determining whether to grant a motion to seal court documents from public access:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *EEOC v. National Children's Center, Inc.*, 98 F.3d 1406, 1410 (D.C.Cir.1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C.Cir.1980)).

As to the first factor, the need for public access, the public has little need to access DrFirst's confidential business information and strategic plans. *See United States v. Anthem, Inc.*, No. 1:16-CV-01493 (ABJ), 2016 WL 11164046, at *1 (D.D.C. Nov. 16, 2016) ("The public's need to access [confidential Aetna business information re Aetna's strategic plans] is *de minimis*"). DrFirst is not requesting that all documents that it produced to the parties and that the parties relied upon in their summary judgment briefing remain under seal. DrFirst is only requesting that five documents containing its most competitively-sensitive confidential business information be maintained under seal (in full or in part) as described in Exhibit A. These documents are included as Exhibits to the parties' summary judgment briefing. Public disclosure of this information is not necessary for the public to understand the Court's basis for deciding the issues on summary judgment. Therefore, DrFirst's request is narrowly tailored to balance the need for public access against the material harm that disclosure of these documents would cause to DrFirst.

As to the second factor, the extent of previous public access, the public has had no previous access to these documents and does not typically have access to the confidential business

information contained in these documents. DrFirst's confidential business information would not have been made public but for the subpoenas it received in this case.

As to the third factor, objections to disclosure, non-party DrFirst is objecting to the full or partial disclosure of five of its documents. The D.C. Circuit has found that "where a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great." *Hubbard*, 650 F.2d at 319.  Notably, counsel for Defendant does not object to DrFirst's Amended Motion to Seal and counsel for Plaintiff does not take a position on this Amended Motion to Seal.

As to the fourth factor, the strength of property and privacy interests asserted, "[v]alid privacy and property interests are not limited to personal details, but may also include confidential business information that should be kept private for competitive business reasons." *United States v. All Assets Held at Bank Julius Baer and Co,. Ltd*., 520 F.Supp.3d 71, 83 (D.D.C.2020). Plaintiff's own antitrust guidelines further recognize that disclosure of information relating to price, customers, and strategic planning is "likely to raise competitive concern." *See, e.g.*, Fed. Trade Comm'n & Dept. of Justice, Antitrust Guidelines for Collaborations Among Competitors (April 2000), p. 15; *see also* Fed. Trade Comm'n, *Information exchange: be reasonable*, COMPETITION MATTERS BLOG (Dec. 11, 2014).  DrFirst, therefore, has a valid interest in preventing the disclosure of its customer-specific pricing, contract terms, and strategic plans.

As to the fifth factor, the possibility of prejudice, DrFirst would be severely prejudiced if the documents and information identified in Exhibit A were disclosed to the public.  As described above, revealing DrFirst's competitively-sensitive information about price, customers, and strategic plans is not only improper under the antitrust laws, but it would also allow DrFirst's competitors to gain an unfair competitive advantage against DrFirst by obtaining material insight into DrFirst's customer-specific insights and key strategy decisions.  DrFirst's competitors and

4

other industry participants, including Defendant, would not have access to this information but for this litigation.

As to the sixth factor, the purposes for which the documents were introduced in the judicial proceedings, Plaintiff and Defendant sought DrFirst's confidential business information through third-party subpoenas in this litigation. Plaintiff and Defendant are now proffering DrFirst's confidential information to support their claims and defenses. DrFirst has not voluntarily placed this information at issue and but for this litigation, the material would have remained confidential.

Therefore, all of the *Hubbard* factors weigh in favor of maintaining non-party DrFirst's competitively-sensitive information identified in Exhibit A under seal.

## CONCLUSION

DrFirst has narrowly tailored its Amended Motion to Seal to just five documents containing its most confidential and sensitive business information. These documents contain competitively-sensitive, non-public information, which would cause material harm to DrFirst if disclosed. Thus, DrFirst respectfully requests that this Court grant this Amended Motion and order that the documents identified in Exhibit A be maintained under seal.

Dated:  June 15, 2022                              Respectfully Submitted,


/s/ Lisa P. Rumin
Michelle S. Lowery (*pro hac vice application forthcoming*)
Lisa P. Rumin (D.C. Bar 1020986)
MCDERMOTT WILL & EMERY
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310)-551-9309
mslowery@mwe.com
*Attorneys for DrFirst*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June 2022, a true and correct copy of the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users in this action.

*/s/* Lisa P. Rumin