**Alfred C. Pfeiffer, Jr.**
Direct Dial: (415) 395-8898
Al.Pfeiffer@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS LLP**

**VIA ECF**

March 10, 2023

The Honorable John D. Bates
United States District Court for the District of Columbia
333 Constitution Avenue, Northwest
Washington, DC  20001

Re:   ***FTC v. Surescripts, LLC*, Case No. 1:19-cv-01080-JDB**
      *Joint Letter Concerning Briefing of Mootness Question*

Dear Judge Bates:

In advance of the upcoming oral argument concerning the parties' motions for summary judgment and partial summary judgment, Surescripts believes another issue has become ripe that could affect the Court's further determinations; specifically, the question of whether changes to Surescripts' contracts, practices, and commitments render the Federal Trade Commission's case moot. The FTC disagrees with Surescripts' position. The parties submit this joint letter setting forth a short summary of their respective positions.

### Surescripts' Position

Beginning in 2019, Surescripts has undertaken an extensive effort to discontinue its loyalty programs with its e-prescribing partners, beginning with pharmacies, pharmacy technology vendors and resellers, then pharmacy benefit managers and most recently electronic health record providers.  This effort, which reflects the reality that the loyalty programs did not and do not materially affect the market for routing and eligibility, is not a mere change in policy.  Surescripts has now, as of March 2023, effectively completed this process and waived or removed loyalty provisions and obligations for substantially all of its relevant partners on both sides of its network—and expects to address the few remaining stragglers (if any) in the coming weeks.  In addition to the binding contractual obligations not to use such provisions created in connection with this process, Surescripts is prepared to execute an irrevocable covenant stating that it will not utilize loyalty provisions in its contracts at any point in the future.  As the Court is aware, the claimed need to eliminate the loyalty program was the central premise of the FTC complaint and the core relief the FTC seeks.  As the Supreme Court found, the FTC is not entitled to seek damages in cases under Section 13(b) of the FTC Act, as is the case here.  *AMG Cap. Mgmt., LLC v. FTC*, ___ U.S. ___, 141 S. Ct. 1341, 1347 (2021).

LATHAM&WATKINS LLP

Given these developments, we believe there is no longer a case or controversy before the court that the FTC may pursue. *See People for the Ethical Treatment of Animals v. U.S. Dep't of Agric. & Animal & Plant Health Inspection Serv.*, 918 F.3d 151, 157 (D.C. Cir. 2019) ("If a defendant can demonstrate that there is no reasonable expectation that the allegedly unlawful conduct will recur, the claim may be moot."); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 93 (2013) (holding that a case was moot because the defendant executed an "unconditional and irrevocable" covenant to not engage in the type of conduct that led to the complaint). The FTC brought its complaint to address alleged exclusionary provisions in routing and eligibility contracts, Compl. ¶¶ 222–31, and sought to prohibit Surescripts "from engaging in similar or related conduct in the future," *id.* ¶ IX.2. The recent developments confirm no further such relief is required or available.[1]

In short, Surescripts believes that all the relief the FTC sought in its complaint either has already occurred or is unavailable. *See, e.g.*, *United States v. Mercy Health Services*, 107 F. 3d 632, 636–37 (8th Cir. 1997) (holding that an action by the Antitrust Division of the Department of Justice was moot, despite the Government seeking additional remedial schemes, because "the United States has been given all of the relief it has sought" and therefore "has no continuing stake in this litigation"); *see also Nike*, 568 U.S. at 98 (declining to impose an additional remedy after the defendant submitted a covenant that it would not engage in the type of conduct that led to the complaint). This includes the idea that the Commission suggests below—which it has not sought, nor would it be entitled to—an order requiring the type of forced sharing that is highly disfavored under antitrust law. *See Verizon Commc'ns Inc. v. L. Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398, 407–08 (2004) ("Enforced sharing . . . requires antitrust courts to act as central planners, identifying the proper price, quantity, and other terms of dealing—a role for which they are ill suited.").

Surescripts has previously raised the prospect of potential mootness with the Court, including in Surescripts' pending motion for summary judgment (*see* ECF No. 104, n. 1), but the process of removing and waiving those provisions had then remained ongoing. In preparing for the upcoming March 16, 2023 oral argument on the parties' pending motions for partial and full summary judgment, we learned that the process is now substantially complete – and that full completion is imminent. We then promptly raised this issue with the FTC so that the parties could seek the Court's guidance on how to proceed most efficiently. We of course defer to the Court and remain prepared to proceed with the scheduled March 16, 2023 oral argument. But regardless of whether that hearing proceeds or is continued, Surescripts respectfully requests that the Court set a schedule allowing the parties the opportunity to brief the mootness issue, so that the Court may consider the issue. Further, given that mootness bears on whether the Court has Article III jurisdiction to rule on the merits, Surescripts respectfully submits that the Court should consider the mootness question first, before it decides the pending summary judgment motions. *See Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008) ("Federal courts lack jurisdiction to decide moot cases

---

[1] We also note that—though they are beyond the scope of the Commission's complaint—Surescripts does not employ loyalty provisions in contracts for other services like real time benefit checks and electronic prior authorizations, nor the other types of contract provisions the FTC mentions below.

LATHAM&WATKINS LLP

because their constitutional authority extends only to actual cases or controversies.") (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)); *21st Century Telesis Joint Venture v. F.C.C.*, 318 F.3d 192, 198 (D.C. Cir. 2003) ("Even where litigation poses a live controversy when filed, the doctrine of mootness requires a federal court to refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.") (cleaned up).

### Federal Trade Commission's Position

As a preliminary matter, the FTC disagrees that Surescripts' mootness argument is ripe. Surescripts acknowledges that it may not have removed the loyalty provisions from all of its relevant contracts and that it "expects to address" the remaining contracts "in the coming weeks." Moreover, the FTC has no insight into whether Surescripts has replaced the specific terms at issue in this litigation with different terms that may have the same practical effect of foreclosing competition.

Regardless, even assuming Surescripts had removed all of the relevant contractual terms (which encompass more than just loyalty provisions) and entered the "irrevocable covenant" it describes, the FTC's case would not be moot. A lawsuit is moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). The available relief need not be "fully satisfactory." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12-13 (1992). And despite Surescripts' contention, the plaintiff's "prospects of success" in obtaining a particular remedy are "not pertinent to the mootness inquiry." *Chafin*, 568 U.S. at 174. As "long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin*, 568 U.S. at 172.

This Court has broad authority to fashion an appropriate injunction if the FTC prevails. Federal courts are "invested with large discretion to model their judgments to fit the exigencies of the particular case." *Int'l Salt Co. v. United States*, 332 U.S. 392, 400-01 (1947). These powers are at their zenith in a federal government enforcement action: "[I]t is well settled that once the Government has successfully borne the considerable burden of establishing a violation of law, all doubts as to the remedy are to be resolved in its favor." *F. Hoffman-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 170-71 (2004). The Court is not limited to awarding those remedies requested in the complaint. Fed R. Civ. P. 54(c) (providing that (outside the default judgment context) every final judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"). Nor is it limited to enjoining the specific conduct at issue in a case. Instead, the Court "has broad power to restrain acts which are of the same type or class as unlawful acts which the court has found to have been committed or whose commission in the future unless enjoined, may fairly be anticipated from the defendant's conduct in the past." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 132 (1969); *see also United States v. Microsoft Corp.*, 253 F.3d 34, 103 (D.C. Cir. 2001) (after finding liability, Court has the power and duty to "ensure that there remain no practices likely to result in monopolization in the future"). Relief in an antitrust case should also "restore competition" that has been damaged by the defendant's conduct. *Ford Motor Co. v. United States*, 405 U.S. 562, 573 (1972).

**LATHAM&WATKINS**LLP

Here, even if the challenged loyalty terms have all been terminated, there is a variety of relief the Court could order if it finds in favor of the FTC:

- Relief to restore competitive conditions by affirmatively requiring Surescripts to open the market to potential competitors who have previously been excluded by its conduct. *See Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1215-18, (D.C. Cir. 2004) (affirming order that went beyond the challenged conduct and required Microsoft to take affirmative steps to "facilitat[e] the entry of competitors into a market from which Microsoft's unlawful conduct previously excluded them").

- Prospective relief to prohibit Surescripts from entering into other types of contractual terms that have the practical effect of foreclosing routing and eligibility competition—for example, Surescripts has augmented its loyalty provisions with non-compete agreements with potential rivals, agreements that prevent customers from renewing contracts with competitors, and agreements that bar customers from marketing non-Surescripts connectivity options. *See Int'l Salt Co. v. United States*, 332 U.S. 392, 400-01 (1947) ("[I]t is not necessary that all of the untraveled roads to that end be left open and that only the worn one be closed.").

- Prospective relief to prohibit Surescripts from using loyalty provisions or similar exclusionary devices for its other products, such as real time benefit check and electronic prior authorization. *See, e.g.*, *Telebrands Corp. v. FTC*, 457 F.3d 354 (4th Cir. 2006) (in a false advertising case, upholding FTC order with a broad fencing-in provision requiring substantiation in order to advertise *any* product).

Finally, the FTC respectfully submits that the Court could decide this issue based on this joint submission alone and does not need to delay the summary judgment process.

Respectfully Submitted,

| | |
|---|---|
|   */s/ Alfred C. Pfeiffer, Jr.* |   */s/ Markus H. Meier* |
| Alfred C. Pfeiffer, Jr. | Markus H. Meier |
| of LATHAM & WATKINS LLP | FEDERAL TRADE COMMISSION |
| | |
| Attorneys for Defendant | Attorneys for Plaintiff |
| *Surescripts, LLC* | *Federal Trade Commission* |