**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**<br><br>                    Plaintiff,<br><br>          v.<br><br>**SURESCRIPTS, LLC**<br><br>                    Defendant. | Case No.: 1:19-cv-01080<br><br>Judge John D. Bates |

**SURESCRIPTS, LLC'S RESPONSE TO THE COURT'S APRIL 5, 2023 MINUTE ORDER**

On March 30, 2023, the Court entered a Memorandum Opinion, deciding Plaintiff Federal Trade Commission's Motion for Partial Summary Judgment, reserving decision on Defendant Surescripts, LLC's Motion for Summary Judgment, and addressing the question of mootness. The publicly filed version of that Memorandum Opinion, ECF No. 177, included multiple redactions that Defendant Surescripts, LLC ("Surescripts") and Plaintiff Federal Trade Commission ("FTC") proposed to remove confidential information from Surescripts or a third party. Following the issuance of that Memorandum Opinion, the Court ordered the parties to file a supplement, explaining their proposed redactions. Below is a table setting out Surescripts' reasoning for each of the proposed redactions.

| Page | Text | Reasoning |
|---|---|---|
| 8 | If EHRs join the loyalty program for only one of routing or eligibility, they can earn an incentive payment of ▇ of the routing fee paid by pharmacy customers for each transaction. Surescripts SUF ¶ 24. | The redacted number reflects a confidential term in Surescripts' contracts, and was redacted per Court order in the Statement of Undisputed Material Facts in Support of Surescripts, LLC's Motion for Summary Judgment ("Surescripts SUF"). See Surescripts SUF ¶ 24; Order Approving The Parties' Stipulation Regarding Sealing Procedures for Summary Judgment Briefing, ECF No. 99; Order Granting Motions to Seal, ECF No. 151. |
| 8 | If EHRs join both loyalty programs, they receive an incentive payment of ▇ of the fee paid by the pharmacy customers for each transaction. Surescripts SUF ¶ 24 | The redacted number reflects a confidential term in Surescripts' contracts, and was redacted per Court order in the Statement of Undisputed Material Facts in Support of Surescripts, LLC's Motion for Summary Judgment. See Surescripts SUF ¶ 24; Order Approving The Parties' Stipulation Regarding Sealing Procedures for Summary Judgment Briefing, ECF No. 99; Order Granting Motions to Seal, ECF No. 151. |

| Page | Text | Reasoning |
|---|---|---|
| 9 | Some of Surescripts's customers have chosen not to enroll in the loyalty program. See Surescripts SUF ¶¶ 38–39, 42–43 (listing ▮ Kroger, and ▮ as examples). | The redacted information reflects the names of third parties in order to protect a confidential term in their agreements with Surescripts, and was redacted per Court order in the Statement of Undisputed Material Facts in Support of Surescripts, LLC's Motion for Summary Judgment. See Surescripts SUF ¶¶ 38, 39, 43; Order Approving The Parties' Stipulation Regarding Sealing Procedures for Summary Judgment Briefing, ECF No. 99; Order Granting Motions to Seal, ECF No. 151. |
| 9 | Other customers enrolled in the loyalty program for some period of time before unenrolling. See Surescripts SUF ¶¶ 40–41, 44–45 (listing ▮ ▮ TDS/Rx30, and ▮ as examples); FTC Resp. SUF ¶¶ 40–41, 44–45. | The redacted information reflects the names of third parties in order to protect a confidential term in their agreements with Surescripts, and was redacted per Court order in the Statement of Undisputed Material Facts in Support of Surescripts, LLC's Motion for Summary Judgment. See Surescripts SUF ¶¶ 40, 41, 45; Order Approving The Parties' Stipulation Regarding Sealing Procedures for Summary Judgment Briefing, ECF No. 99; Order Granting Motions to Seal, ECF No. 151. |
| 9–10 | Between 2010 and 2019, Surescripts's loyalty contracts covered an average of ▮ of total EHR routing volume, ▮ of total pharmacy routing volume, ▮ of total EHR eligibility volume, and ▮ of total PBM eligibility volume. FTC SOMF ¶¶ 18–21; see Surescripts Resp. to FTC SOMF ¶¶ 18–21. | The redacted information reflects Surescripts' confidential business information, and was redacted per Court order in Plaintiff Federal Trade Commission's Statement of Material Facts Presenting a Genuine Issue for Trial in Opposition to Defendant's Motion for Summary Judgment ("FTC SOMF"). See FTC SOMF ¶¶ 18–21; Order Approving The Parties' Stipulation Regarding Sealing Procedures for Summary Judgment Briefing, ECF No. 99; Order Granting Motions to Seal, ECF No. 151. |
| 11 | Even as Surescripts's main competitor, Emdeon has handled ▮ of | The redacted information reflects confidential business information from Surescripts and third parties, and was |

| Page | Text | Reasoning |
|---|---|---|
|  | electronic routing volume from 2009 to 2020. FTC SUF ¶ 108. | redacted per Court order in Plaintiff Federal Trade Commission's Statement of Undisputed Facts ("FTC SUF"). See FTC SUF ¶ 108; Order Approving The Parties' Stipulation Regarding Sealing Procedures for Summary Judgment Briefing, ECF No. 99; Order Granting Motions to Seal, ECF No. 151. |
| 11 | Others considered the prospect of multihoming but ultimately chose not to do so for various reasons. See Surescripts SUF ¶¶ 50–51, 53 (identifying ▮ eClinicalWorks, and ▮ as examples); FTC Resp. SUF ¶¶ 50–51, 53. | The redacted information reflects the names of third parties in order to protect information that they deemed to be confidential and that was redacted per Court order in the Statement of Undisputed Material Facts in Support of Surescripts, LLC's Motion for Summary Judgment. See Surescripts SUF ¶¶ 50, 53; Order Approving The Parties' Stipulation Regarding Sealing Procedures for Summary Judgment Briefing, ECF No. 99; Order Granting Motions to Seal, ECF No. 151. |
| 11 | And some others still have multihomed, using both Surescripts's and Emdeon's networks. See FTC SOMF ¶ 34 (citing ▮ ▮ as examples); Surescripts Resp. to FTC SOMF ¶ 34. | The redacted information reflects the names of third parties in order to protect information that they deemed to be confidential and that was redacted per Court order in Plaintiff Federal Trade Commission's Statement of Material Facts Presenting a Genuine Issue for Trial in Opposition to Defendant's Motion for Summary Judgment. See FTC SOMF ¶ 34; Order Approving The Parties' Stipulation Regarding Sealing Procedures for Summary Judgment Briefing, ECF No. 99; Order Granting Motions to Seal, ECF No. 151. |
| 12 | Emdeon is Surescripts's foremost competitor in routing but has still handled less than ▮ of all electronic routing transaction volume from 2009 to 2020. FTC SUF ¶ 108. | The redacted number reflects confidential business information from Surescripts and third parties, and was redacted per Court order in Plaintiff Federal Trade Commission's Statement of Undisputed Facts. See FTC SUF ¶ 108; Order Approving The Parties' Stipulation |

| Page | Text | Reasoning |
|---|---|---|
| | | Regarding Sealing Procedures for Summary Judgment Briefing, ECF No. 99; Order Granting Motions to Seal, ECF No. 151. |
| 13 | Another customer and potential competitor, Allscripts, signed a four-year express exclusivity agreement with Surescripts in 2010, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Surescripts SUF ¶ 30; FTC SOMF ¶ 13; *see also* Surescripts SUF ¶ 72; FTC Resp. SUF ¶ 72; Surescripts Resp. to FTC SOMF ¶ 13. | The redacted information reflects a confidential term in the contract between Surescripts and Allscripts, and was redacted per Court order in the Statement of Undisputed Material Facts in Support of Surescripts, LLC's Motion for Summary Judgment. *See* Surescripts SUF ¶ 30; Order Approving The Parties' Stipulation Regarding Sealing Procedures for Summary Judgment Briefing, ECF No. 99; Order Granting Motions to Seal, ECF No. 151. |
| 13 | After considering signing an exclusive contract with Emdeon instead in 2014, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Surescripts SUF ¶¶ 28–30. | The redacted information reflects a confidential term in the contract between Surescripts and Allscripts, and was redacted per Court order in the Statement of Undisputed Material Facts in Support of Surescripts, LLC's Motion for Summary Judgment. *See* Surescripts SUF ¶¶ 28, 30; Order Approving The Parties' Stipulation Regarding Sealing Procedures for Summary Judgment Briefing, ECF No. 99; Order Granting Motions to Seal, ECF No. 151. |
| 13 | And RelayHealth, another customer and potential rival, also signed an ▮▮▮▮▮▮▮▮▮▮ agreement with Surescripts in 2010, which it renewed in 2015. FTC SOMF ¶¶ 14–16; *see also* Surescripts SUF ¶ 73; FTC Resp. SUF ¶ 73; Surescripts Resp. to FTC SOMF ¶¶ 14–16. | The redacted information reflects a confidential term in the contract between Surescripts and RelayHealth, and was redacted per Court order in Plaintiff Federal Trade Commission's Statement of Material Facts Presenting a Genuine Issue for Trial in Opposition to Defendant's Motion for Summary Judgment. *See* FTC SOMF ¶ 16; Order Approving The Parties' Stipulation Regarding Sealing Procedures for Summary Judgment Briefing, ECF No. 99; Order Granting Motions to Seal, ECF No. 151. |

| Page | Text | Reasoning |
|---|---|---|
| 35 | Surescripts disputes this by pointing to evidence that Emdeon offers a fax method for routing when "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Surescripts Opp'n at 19. | The redated information reflects confidential testimony provided by a third party. That third party filed a Motion to Seal to protect its confidential information, which the Court granted. See Order Granting Motions to Seal, ECF No. 151. |
| 42 | This makes intuitive sense—the entry of a competitor does not mean the dominant firm did not have a monopoly—and here, it is undisputed that Emdeon only captured ▮▮▮ of the relevant markets, see FTC SUF ¶¶ 103–04, 116–17; Surescripts Resp. SUF ¶¶ 103–04, 116–17. | The redacted information reflects confidential business information from Surescripts and third parties, and was redacted per Court order in Plaintiff Federal Trade Commission's Statement of Undisputed Facts. See FTC SUF ¶¶ 103–04; Order Approving The Parties' Stipulation Regarding Sealing Procedures for Summary Judgment Briefing, ECF No. 99; Order Granting Motions to Seal, ECF No. 151. |
| 42–43 | In other words, the ability of one competitor to capture ▮▮ of the market does not undermine Surescripts's durable monopoly power protected and perpetuated by barriers to entry. | The redacted information reflects confidential business information from Surescripts and third parties, and was redacted per Court order in Plaintiff Federal Trade Commission's Statement of Undisputed Facts. See FTC SUF ¶¶ 103–04; Order Approving The Parties' Stipulation Regarding Sealing Procedures for Summary Judgment Briefing, ECF No. 99; Order Granting Motions to Seal, ECF No. 151. |

Dated: April 12, 2023

Respectfully submitted,

/s/ Amanda P. Reeves
Amanda P. Reeves (D.C. Bar 496338)
Allyson M. Maltas (D.C. Bar 494566)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2183
Facsimile: (202) 637-2201
Email: amanda.reeves@lw.com
Email: allyson.maltas@lw.com

5

                Alfred C. Pfeiffer, Jr. (*appearing pro hac vice*)
                LATHAM & WATKINS LLP
                505 Montgomery Street, Suite 2000
                San Francisco, CA 94111-6538
                Telephone: (415) 391-0600
                Facsimile: (415) 395-8095
                Email: al.pfeiffer@lw.com

                *Attorneys for Defendant Surescripts, LLC*